Jerry Lee **GOLDEN**, Petitioner-Appellant,

v.

C. Murray **HENDERSON**, Warden, Louisiana State Penitentiary, Respondent-Appellee.

No. 71–3148

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Feb. 24, 1972.

Carl J. Barbier, New Orleans, La., for petitioner-appellant.

Jack P. F. Gremillion, Atty. Gen. of La., Baton Rouge, La., for respondent-appellee.

Before GEWIN, AINSWORTH and SIMPSON, Circuit Judges.

PER CURIAM:

■ Jerry Lee Golden, a Louisiana state prisoner, appeals from the district court's denial, after an evidentiary hearing, of his petition for the writ of habeas corpus. We are satisfied from examination of the record in this case that Golden's plea of guilty in the Louisiana state district court to a charge of armed robbery was voluntarily and intelligently entered under United States constitutional standards prescribed at the time of the entry of the plea for application to state court procedures. We affirm the judgment below.

On January 13, 1965, an information was filed in the Louisiana trial court charging Golden with armed robbery under Louisiana Revised Statutes 14:64. Five days later, January 18, 1965, he was arraigned and pleaded not guilty. Represented by appointed counsel, Golden, on February 15, 1965, appeared in open court, withdrew his not guilty plea and was allowed to enter a plea of guilty

* ■ Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

to the charge of armed robbery. Thereafter, on February 19, 1965, the court imposed a confinement sentence of fifteen years at the Louisiana State Penitentiary. He is presently confined under that sentence.

Golden's petition for habeas relief to the court below was filed after apparent exhaustion of state afforded post-conviction remedies.[1]

Golden's habeas petition asserted:

(1) The guilty plea was neither intelligent nor voluntary.

(2) The trial judge in the state court made no inquiry as to whether Golden understood the consequences of his plea.

(3) The record is barren of any showing that Golden intelligently and knowingly pleaded guilty.

(4) The plea of guilty was involuntary because it was made pursuant to a threat of enhancement under the multiple offenders' statute.

The district court conducted an evidentiary hearing at which the attorney who represented Golden in the guilty plea proceeding in the state court testified. That attorney's testimony was summarized by the court below as follows:

"Mr. Connick, a former assistant United States Attorney, known to the court to be an attorney of ability and integrity, testified that he had no independent recollection of the case until he spoke with Mr. Palmisano, petitioner's appointed counsel in this matter. When he spoke to Mr. Palmisano, he recalled the case immediately, 'because it involved an armed robbery that was witnessed by two policemen, and, of course, the victim, and other people' at the Lafayette Hotel in New Orleans. Although Mr. Connick had no recollection of having spoken to Mr. Golden about the case, he was certain that he had interviewed Mr. Golden because of detailed information contained in his handwritten notes made at the time. These notes contained information which Mr. Connick felt could only have come from Mr. Golden himself. Mr. Connick testified that he advised Mr. Golden to plead guilty but that neither he nor anyone else coerced the petitioner into doing so; that he told Golden he could plead not guilty and go to trial or plead guilty and that the election to plead guilty was made by Golden. Of this Mr. Connick had no doubt. He stated that his reasons for advising Mr. Golden to plead guilty were that there had been five witnesses to the crime and because there was another charge pending against him, which second charge would probably be nolle prossed if Golden pleaded guilty to the first charge. After the plea the other case was nolle prossed. There can be no doubt but that Mr. Golden was thoroughly aware of the nature of the charge against him.

Mr. Connick testified that he had advised petitioner of his constitutional right to a trial by jury, but had not formally advised him of his constitutional rights against self-incrimination and to confront his accusers. But Golden knew the identity of the witnesses to the holdup and knew that they would appear against him at a trial."

Although the district court failed to recite in its order that Golden's guilty plea had been made "voluntarily and intelligently", the petition was denied as being "without merit". On this appeal, Golden urges that the lower court's judgment should be reversed because it failed to find in terms whether the

---

1. The State of Louisiana failed to file a brief with this Court in this case even after advice in writing from the Clerk of this Court that such a document was overdue. The answer to Order to Show Cause filed in the lower court by an Assistant District Attorney admitted "that the grounds set forth * * * have been previously presented * * * in state district court and in the Louisiana Supreme Court". The same assistant, with another, appeared for the respondent-appellee at the evidentiary hearing below.

It would be a mistake for Louisiana, or for the bar generally, to construe our affirmance of this appeal as approbation of that state's unexplained silence on this appeal.

guilty plea had been made voluntarily and intelligently and because the state trial court had failed to inquire of Golden as to these matters in open court under the decision of the United States Supreme Court in Boykin v. Alabama, 1969, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274.

In Dominguez v. Henderson, 5 Cir. 1971, 447 F.2d 207, we held that the *Boykin* decision would be given prospective application only. Golden pleaded guilty and was sentenced long before the *Boykin* ruling was handed down. We decline to depart from our decision in *Dominguez* in this case.

It is unnecessary, in the face of the overwhelming implication from the trial judge's order, for us to remand this matter to the district court for the entry of an explicit finding that Golden's plea of guilty had been made both voluntarily and intelligently. The district court conducted an evidentiary hearing, summarized the evidence adduced at that proceeding, and denied the petition. It is clear to us that the district court found the guilty plea to have been made voluntarily and intelligently and that the finding is supported by the evidence in the record before us.

Affirmed.

McCree, Circuit Judge, dissented and filed opinion.