**Lexington S. LAMB,
Petitioner-Appellant,**

v.

**W. J. ESTELLE, Jr., Director, Texas
Department of Corrections,
Respondent-Appellee.**

No. 80–2144.

United States Court of Appeals,
Fifth Circuit.

Feb. 12, 1982.

Lexington S. Lamb, pro se.

Charles W. Schwartz (court-appointed), Vinson & Elkins, Houston, Tex., for petitioner-appellant.

Charles A. Sharman, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before THORNBERRY, TATE and WILLIAMS, Circuit Judges.

TATE, Circuit Judge:

The plaintiff Lamb brought habeas corpus proceedings in federal district court to challenge 1944, 1947, and 1958 convictions in Texas state court. 28 U.S.C. § 2254. The district court dismissed his application on alternate grounds with respect to the 1944 and 1947 convictions. An evidentiary hearing was held on Lamb's 1958 conviction: Lamb was not represented by counsel at that hearing, and his application concerning the 1958 conviction was dismissed.

Because we hold that Rule 8(c) of the Rules Governing Section 2254 Cases requires the appointment of counsel in the evidentiary hearing, we vacate the district court order insofar as it denies relief as to the 1958 conviction. We affirm, however, the dismissal of the application for habeas relief based on the 1944 and 1947 convictions.

*Facts*

Lamb, then 18 years of age, was first convicted in 1944 of auto theft. He pleaded guilty, and he received a two-year sentence. He was next convicted in 1947 of burglary and forgery. He again pleaded guilty and received two concurrent five-year sentences.

The third conviction occurred on March 4, 1958. While in prison for another offense, Lamb was indicted for embezzlement and theft by bailee. Both charges were accompanied by an habitual-offender enhance-

ment count. Lamb pleaded guilty to the theft by bailee with the habitual count and he received the life sentence manditorily imposed upon third time offenders. Lamb claims that the attorney who represented him in the 1958 prosecution was appointed, although Lamb and his brother admitted to paying the attorney a small amount of money that Lamb claimed his mother gave him while he was in prison.[1] Lamb requested that this lawyer appeal the 1958 conviction, but the lawyer refused.[2] On August 22, 1958, Lamb filed a "Writ of Error" with the district court of the Travis County court department, but the petition has never been acted upon.[3]

Lamb filed applications for state habeas corpus relief in March 1964, June 1964, February 1967, and April 1967. All four applications were denied and affirmed by the Texas Court of Criminal Appeals. Lamb subsequently filed another application for state habeas corpus relief, and this application was denied after a hearing was held in 1968 in state court concerning his attack upon the three convictions. Following the denial of his claim for state habeas relief, Lamb applied to federal district court in 1968, at this time questioning only the 1944 and 1947 convictions. Lamb argued that he was not represented by counsel at the plea hearings, that if counsel were present, Lamb received inadequate representation, and that his pleas were not knowing and voluntary. The district court denied relief and we affirmed in *Lamb v. Beto*, 423 F.2d 85 (5th Cir.), *cert. denied*, 400 U.S. 846, 91 S.Ct. 93, 27 L.Ed.2d 84 (1970). Lamb filed two subsequent applications for state habeas relief in state court in 1973 and 1976. These applications were both denied.

The present proceedings were instituted on April 4, 1977, when Lamb applied pro se in federal district court for habeas corpus relief to invalidate the three state convictions. He appeals from the denial of relief.

With respect to the 1944 and 1947 convictions, the district court denied the application, without an evidentiary hearing, because Lamb's "contentions with regard to ineffective assistance of counsel at the 1944 and 1947 convictions have previously been rejected by the Court of Appeals for the Fifth Circuit. *Lamb v. Beto*, 423 F.2d 85 (5th Cir. 1970)." The district court also denied the petition on the alternate ground that Lamb's inordinate delay in applying for habeas relief required dismissal pursuant to Rule 9(a) of the Rules Governing Section 2254 Cases.[4] However, the district court noted that, although the delay problem was also present with respect to the 1958 conviction, Lamb's application for habeas relief concerning that conviction would not be dismissed on the face of the pleadings and the defendant was required to file an answer with respect to Lamb's claims of denial of effective assistance of counsel at his 1958 guilty plea and conviction, and the denial of counsel to prosecute an appeal.

An evidentiary hearing pursuant to Rule 8(c) of the Rules Governing Section 2254 Cases was thereafter held with regard to the claim of ineffective assistance of counsel insofar as the 1958 plea of guilty. Lamb was not represented by counsel at this hearing.

The magistrate rejected Lamb's contentions to the effect that he was denied effec-

---

1. Court records and documents are silent as to whether Lamb's attorney at the 1958 conviction was retained or appointed. Lamb admits that he paid the lawyer $70.

2. Lamb's lawyer for the 1958 conviction admitted in the 1968 state court habeas hearing that he declined to represent Lamb in his appeal.

3. The government claims that Lamb's "Writ of Error" concerned the 1944 and 1947 convictions, but not the 1958 conviction. Our examination of the matter reveals that Lamb's "Writ" concerned the 1958 conviction.

4. Rule 9(a), Rules Governing § 2254 Cases states:

   *(a) Delayed petitions.* A petition may be dismissed if it appears that the state of which the respondent is an officer has been prejudiced in its ability to respond to the petition by delay in its filing unless the petitioner shows that it is based on grounds of which he could not have had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the state occurred.

tive assistance of counsel and that due to defective legal advice his plea was unknowing and involuntary—the substance of the complaint being that he would not have entered the plea had he realized that he would receive a mandatory life sentence. As to Lamb's further complaint that his counsel failed to appeal as requested, the magistrate denied relief because Lamb did not inform the state of his wish to appeal after his attorney refused further employment.

### The 1944 and 1947 Convictions

Lamb concedes that the present application for relief from the 1944 and 1947 convictions contains the same grounds for relief presented in *Lamb v. Beto*, 423 F.2d 85 (5th Cir.), *cert. denied*, 400 U.S. 846, 91 S.Ct. 93, 27 L.Ed.2d 84, and that the prior determination was on the merits. Thus, Rule 9(b)[5] permitting dismissal of a successive petition, might ordinarily be applicable. Lamb relies, however, on the language in *Sanders v. United States*, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963), that "[e]ven if the same ground was rejected on the merits on a prior application, it is given to the applicant to show that the ends of justice would be served by permitting the redetermination of the ground." *Id.* at 16, 83 S.Ct. at 1078.

In *Lamb v. Beto, supra*, we held that "the only required duty of counsel under the

most liberal construction when a plea of guilty is entered, is that counsel ... should ascertain if the plea is entered voluntarily, and knowingly." 423 F.2d at 87. Lamb argues that the ends of justice will not be served by failing to reach the merits of the present application because, since *Lamb v. Beto* was decided in 1970, the requirements imposed on counsel for a defendant who pleads guilty have become considerably more stringent than the "voluntary and knowing" standard. Lamb again points to language in *Sanders, supra*, that on re-applying for habeas relief, "the applicant may be entitled to a new hearing upon showing an intervening change in the law." 373 U.S. at 17, 83 S.Ct. at 1078.

■ The general standard imposed on counsel in guilty plea contexts has remained the same since the 1944 and 1947 guilty pleas were entered: counsel must ensure that the guilty plea is knowingly and voluntarily made. *Hill v. Estelle*, 653 F.2d 202, 206 (5th Cir. 1981); *Jones v. Henderson*, 549 F.2d 995, 996–97 (5th Cir.), *cert. denied*, 434 U.S. 840, 98 S.Ct. 135, 54 L.Ed.2d 103 (1977).

This is not to deny that there have been a number of recent cases that discuss the *present* scope of counsel's duty to insure that his client's guilty plea is knowing and voluntary.[6] Specifically, these cases concern whether counsel has rendered requisite effective assistance under the Sixth

---

**5.** Rule 9(b), Rules Governing § 2254 Cases states:

> *(b) Successive petitions.* A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petition to assert those grounds in a prior petition constituted an abuse of the writ.

**6.** In *Bradbury v. Wainwright*, 658 F.2d 1083, 1087 (5th Cir. 1981), we recently summarized the principles presently applicable:

> When a guilty plea is entered, it is defense counsel's duty to assist actually and substantially the defendant in deciding whether to plead guilty and to ascertain whether the plea is entered knowingly and voluntarily. *Id.; Herring v. Estelle*, 491 F.2d 125 (5th Cir. 1974); *Walker v. Caldwell*, 476 F.2d 213 (5th

Cir. 1973). Counsel must be familiar with the facts and the law in order to advise the defendant meaningfully of the options available. *Calloway v. Powell*, 393 F.2d 886 (5th Cir. 1968). This includes the responsibility of investigating potential defenses so that the defendant can make an informed decision. *Lee v. Hopper*, 499 F.2d 456 (5th Cir. 1974). Counsel's advice need not be the best, but it must be within the realm of competence demanded of attorneys representing defendants in criminal cases at that time. *Tollett v. Henderson*, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973); *McMann v. Richardson*, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); *Ballard v. Blackburn*, 583 F.2d 159 (5th Cir. 1978). The actions of the trial court may cause the ineffectiveness of counsel's assistance. *See Hintz v. Beto*, 379 F.2d 937 (5th Cir. 1967); *McCollum v. Bush*, 344 F.2d 672 (5th Cir. 1965).

Amendment so that the plea may properly be considered voluntary and knowing. For example, in *Walker v. Caldwell*, 476 F.2d 213, 224 (5th Cir. 1973) we held that appointed counsel should "actually and substantially *assist* his client in deciding whether to plead guilty." (emphasis in original). In *Colson v. Smith*, 438 F.2d 1075, 1079 (5th Cir. 1971), we required that competent counsel must advise the defendant so that his guilty plea is the result of "informed and conscious choice." Nevertheless, these cases merely represent applications of the general standard that we have affirmed time and time again—counsel must ascertain whether the plea was voluntary and knowing. Counsel must make this determination, however; in a manner that satisfies the Sixth Amendment, but "what constitutes adequate representation of counsel must be considered within this [guilty-plea] framework." *Pollinzi v. Estelle*, 628 F.2d 417, 419 (5th Cir. 1980).

Further, these recent decisions were not meant to establish rigid rules applicable to counsel in all guilty plea situations. In *Walker v. Caldwell*, 476 F.2d 213 (5th Cir. 1973), the *pro forma* procedure followed by the resident defense attorney—who routinely "processed" ten or more defendants at a morning plea session—denied the defendant the effective assistance of counsel required to insure the voluntary and knowing quality of his plea. We emphasized, however, that our holding was limited to the facts of that case, and that "not . . . every appointed counsel representing an accused who desires to plead guilty, must investigate all the facts of the case, explore all possible avenues of defense, etc." *Id.*, 476 F.2d at 224.

■ Conceding arguendo that the "knowing and voluntary" standard (*i.e.*, as well as the scope of counsel's duty in guilty pleas) has changed and become more stringent since Lamb's convictions in 1944 and 1947,

Lamb cites us to no decision of this or any other court that would make those changes retroactively applicable to pleas entered in 1944 and 1947. A recent decision of our court suggests, however, that effective assistance of counsel standards are *not* to be retroactively applied in guilty plea situations. In *Bradbury v. Wainwright*, 658 F.2d 1083, 1087 (5th Cir. 1981), we held that although counsel should advise his client in determining whether to plead guilty, the advice that counsel provides is to be measured by the standard "of attorneys representing defendants in criminal cases *at that time*." (emphasis supplied). Bradbury's 1981 claim of ineffective assistance of counsel was apparently decided with respect to the standard of competence of criminal defense attorneys in 1964, when he pleaded guilty. *See also Tollett v. Henderson*, 411 U.S. 258, 266, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973); *McMann v. Richardson*, 397 U.S. 759, 771–74, 90 S.Ct. 1441, 1448–50, 25 L.Ed.2d 763 (1970).[7]

Our analysis concerning retroactivity is supported by related decisions with regard to changing standards relative to guilty pleas or the advice required by counsel with respect to the defendant's right to appeal:

First, in *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the Supreme Court held that the record from the state criminal trial must contain an affirmative showing that the defendant's guilty plea was intelligent and voluntary. We have held *Boykin* to be applicable prospectively only. *Golden v. Henderson*, 456 F.2d 376, 378 (5th Cir.), *cert. denied*, 409 U.S. 861, 93 S.Ct. 149, 34 L.Ed.2d 107 (1972); *Dominguez v. Henderson*, 447 F.2d 207 (5th Cir. 1971).

Second, in *McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), the Supreme Court held that before a guilty plea could be accepted under Fed. R.Crim.P. 11, the district judge must personally address the defendant in order to deter-

---

7. We note that although the District of Columbia Circuit has held that a newly announced right to effective assistance counsel standard is applicable retroactively in *direct* appeals, retro-active application would not be permitted in collateral attacks. *See United States v. Butler*, 504 F.2d 220, 223 n.11, (D.C.Cir.1974).

mine that the plea was made voluntarily and knowingly. In *Halliday v. United States*, 394 U.S. 831, 89 S.Ct. 1498, 23 L.Ed.2d 16 (1969), *McCarthy* was held to be applicable prospectively only.

Third, in *Lumpkin v. Smith*, 439 F.2d 1084 (5th Cir. 1971), we held that an indigent defendant is denied Sixth Amendment effective assistance of counsel when his court-appointed attorney fails to advise him of his right to appeal, of the procedure and time limits involved, and of his right to appointed counsel on appeal. In *Bonds v. Wainwright*, 564 F.2d 1125, 1129 (5th Cir. 1977), a panel of our court first held that *Lumpkin* was to be retroactively applied under our decision in *Bailey v. Ault*, 490 F.2d 71 (5th Cir. 1974). On rehearing *en banc, Bonds v. Wainwright*, 579 F.2d 317 (5th Cir. 1978) (en banc), we vacated the panel decision in the earlier *Bonds* case, 564 F.2d 1125 (5th Cir. 1977), overruled *Bailey v. Ault*, 490 F.2d 71 (5th Cir. 1974), and we expressly adopted the Fourth Circuit prospective only rule of *Shiflett v. Virginia*, 447 F.2d 50 (4th Cir. 1971) (en banc), *cert. denied*, 405 U.S. 994, 92 S.Ct. 1267, 31 L.Ed.2d 462 (1972). *Shiflett* had subjected a *Lumpkin*-type rule to the retroactivity analysis developed by the Supreme Court, *see e.g., Stovall v. Denno*, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967). *See* 447 F.2d at 55. In en banc rehearing in *Bonds*, we concluded that effective assistance of counsel in advising an indigent of his appeal rights is to be judged "according to the norms of representation prevailing at the time of counsel's actions." 579 F.2d at 320.

■ Finally, we observe that a federal court "may only set aside a [state] guilty plea . . . which fails to satisfy due process." *Frank v. Blackburn*, 646 F.2d 873, 882 (5th Cir. 1980), *modified on other grounds*, 646 F.2d 902 (1981) (en banc).

Irrespective of whether this petition could have been dismissed as a successive petition under rule 9(b) (see note 5), there is no merit to Lamb's claims with regard to the 1944 and 1947 convictions. He fully presented his arguments about ineffective assistance of counsel to the district court,

and had these arguments considered by our court in *Lamb v. Beto, supra*. We considered the various affidavits in the 1968 state hearing record from the judges and attorneys involved in the 1944 and 1947 convictions, and we concluded that there was ample evidence from which the trial court could conclude that Lamb's representation in those convictions was not inadequate in any constitutional sense under the standards applicable at the time. Lamb does not argue that there are any additional circumstances surrounding his 1944 and 1947 convictions that would justify a conclusion that his guilty plea was entered in circumstances that indicated a lack of due process; nor could an evidentiary hearing now, more than thirty-five years subsequent to the events, be expected to produce any further reliable evidence than that educed for the 1968 hearing addressed to the same issues.

Having determined after independent examination that Lamb's petition is without merit, it is not necessary for us to address Lamb's contention that the district court improperly dismissed his petition on the grounds of res judicata in violation of *Sanders v. United States*, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963), or the government's contentions that the dismissal of the petition was either (although not so couched) a proper application of the successive petition ground for dismissal under Rule 9(b) (see note 5) § 2254 cases, *or* indeed (the reason articulated for the dismissal) a proper application of the delayed petition ground under Rule 9(a) (see note 4).

We therefore affirm the district court's denial of habeas relief with regard to the 1944 and 1947 petitions.

*The 1958 Conviction*

Lamb was given an evidentiary hearing to determine the merits of his application insofar as it concerned the 1958 conviction. Lamb was not, however, represented by counsel at that hearing. Rule 8(a) of the Rules Governing 2254 Cases requires that the judge decide whether an evidentiary hearing is necessary to determine the merits of the application. Rule 8(c) further

mandates that "[i]f an evidentiary hearing is required the judge *shall* appoint counsel for a petitioner who qualifies ... under 18 U.S.C. § 3006A(g)" (emphasis supplied). The Advisory Committee Notes to Rule 8 state that "[i]f an evidentiary hearing is required the judge must appoint counsel .... Appointment of counsel ... is mandatory .... [Rule 8(c)] makes] the furnishing of counsel ... mandatory." In *Wood v. Wainwright*, 597 F.2d 1054 (5th Cir. 1979), we held that appointment of counsel is required if the petitioner qualifies under 18 U.S.C. § 3006A(g).

■ In the present case, Lamb executed the affidavit required by the appropriate local rules for in forma pauperis status, but he was not given counsel to represent him at the hearing. The hearing held to determine the merits of Lamb's claim as it related to the 1958 conviction was, therefore, defective in that Lamb was not afforded the assistance of counsel. Lamb must now be provided with a hearing that accords with 28 U.S.C. § 2254.

*Conclusion*

For the reasons stated above, we AFFIRM the order of the district court insofar as it dismissed Lamb's application for relief based on the 1944 and 1947 convictions. We VACATE the denial of relief based on the 1958 conviction, and we REMAND the cause for further proceedings consistent with this opinion.

AFFIRMED in part, VACATED in part, and REMANDED.