George ALFORD and Lise Marie Alford, a/k/a Lise Geronimo, Plaintiffs-Appellants,

v.

UNITED STATES of America, Defendant-Appellee.

No. 82–4228.

United States Court of Appeals, Fifth Circuit.

July 15, 1983.

Frank J. Petrella, Atlanta, Ga., for plaintiffs-appellants.

Glen H. Davidson, Oxford, Miss., Alfred E. Moreton, III, Asst. U.S. Atty., for defendant-appellee.

Before WISDOM, TATE and GARWOOD, Circuit Judges.

TATE, Circuit Judge:

Contending that their guilty pleas were involuntary because of misadvice by retained defense counsel, George and Lise Alford petitioned, by pro se motions following their incarceration, to have their respective seventeen and seven year sentences vacated and to withdraw their pleas. The matter was set for hearing by the district court, and the Alfords advised thereof three weeks in advance, sought to obtain counsel to represent them at the hearing. An attorney agreed to accept their case, but concluded that additional time would be necessary to prepare adequately. The attorney's request for a two week continuance of the hearing, to which the government had no objection, was denied, and the hearing held with the petitioners appearing pro se. The district court concluded there was no merit to the Alfords' allegations against their original defense counsel, and denied their petitions to vacate sentences and withdraw pleas. On appeal, the Alfords contend that they were improperly denied representation by counsel at the evidentiary hearing by the district court's abuse of its discretion in denying their motion for a two week continuance. We agree and remand for a new hearing.

I.

On March 18, 1981, Greenville, Mississippi police arrested George and Lise Alford, on various serious federal charges. Shortly thereafter, the Alfords retained a respected Greenville law firm, to defend them for a fee of $17,500. On May 15, 1981, a few days before a motion to suppress hearing was to be held in federal district court, and after extended consultation with their counsel, the Alfords each decided to enter guilty pleas, pursuant to a written plea agreement, to two of the five (Lise) and six (George) counts with which each had been respectively charged in the original federal indictment. On June 10, 1981, Lise Alford received a sentence of seven years, and George Alford a sentence of seventeen years.

Subsequent to their incarceration, the Alfords sought to withdraw their guilty pleas, alleging serious misfeasance on the part of the Greenville firm in the handling of their case. Principally, the Alfords contend that these lawyers had convinced them (i) that they had almost no chance of prevailing at trial on charges for which each might be sentenced to more than fifty years imprisonment and fined more than $100,000, and (ii) that a sub rosa plea bargain had been struck whereby Lise was assured of probation and George a sentence of about seven years, but only if both pled guilty prior to the motion to suppress hearing scheduled a few days later, and only if both denied the existence of such an agreement in the course of their Fed.R.Crim.P. 11 change of

plea proceeding. The Alfords specifically alleged, in the pleading, that the secretary to the Greenville law firm could support the allegations of the false plea promises, although she would not sign an affidavit for fear of being fired. Because they relied on this faulty and/or false advice of counsel, the Alfords who had never before been criminally prosecuted allege that their guilty pleas were involuntary.

The Alfords' efforts to obtain redress pro se began toward the end of September 1981. A motion for leave to proceed in forma pauperis, an affidavit of poverty, and a motion to vacate sentence pursuant to 28 U.S.C. § 2255 (dated September 28, 1981, and received by the United States Attorney October 7th) were filed with the clerk of the district court on October 28th. The motions were signed only by George Alford (incarcerated in a correctional facility different from that of his wife), but intended to be on behalf of both of them. On November 4th, the district court, after concluding the petition had sufficient merit to preclude summary dismissal, pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, 28 U.S.C. foll. § 2255, ordered, "the United States Attorney to respond to petitioners' motion to proceed in forma pauperis and motion to vacate sentence within 20 days . . . ."[1] The government answered, denying the merits of the Alfords' motion to vacate sentence, but no answer was made to the Alfords' motion to proceed as paupers.[2]

Meanwhile, on November 18th, a motion to withdraw the guilty plea was filed, based on the factual allegations of the previous motions, and on November 23rd a discovery motion was filed whereby the Alfords sought all of their attorneys' files and notes pertaining to the plea bargain in particular and their case in general.[3] The Alfords then moved for transcripts and the record of the proceedings below at government expense, in December. This was granted in part (the plea and sentencing proceedings were transcribed and furnished to George Alford). Meanwhile, George Alford prepared a traverse to the government's response, to which various affidavits (including three from relatives of Lise Alford representing that the affiant had been told by the Greenville law partners that Lise would receive probation, and George a sentence of approximately seven years) and documents (including letters purportedly written by George Alford to relatives in late May 1981, recounting a similar bargain) were appended. The Alfords subsequently sought reconsideration of the partial denial of their discovery requests, and on February 1, 1982, the district court ordered a copy of the remaining portion of the record (except for certain untranscribed hearings held before a magistrate, thought to be irrelevant) be provided.

On March 22nd, the Alfords made an additional request for discovery, to which the district court responded on May 19th, with an order setting an evidentiary hearing for June 9th:

Upon consideration of the motions of petitioners, George Edward and Lise Marie Alford, the court is of the opinion that

---

1. Rule 4(b) of the Rules Governing Section 2255 Proceedings, 28 U.S.C. foll. § 2255, provides:

   **(b) Initial consideration by judge.** The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or

other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate.

2. We note that had the motion to proceed as indigents been considered and the Alfords prevailed, they would have been entitled to appointed counsel pursuant to Rule 8(c) of the § 2255 rules.

3. In December 1981, a pro se § 2255 motion, a motion for leave to proceed in forma pauperis, and an affidavit of poverty, signed by Lise Alford were filed. She did not file a separate motion to withdraw her guilty plea.

the issues to be decided in the motion to vacate sentence under 28 USC § 2255, and to withdraw guilty plea under Rule 32(d), F.R.Crim.P., may best be resolved after evidentiary hearing.[4]

No determination was made whether the Alfords' averments of proverty fulfilled the requisites of 18 U.S.C. 3006A(g)[5], and no appointment of counsel was made. However, the Alfords upon receiving a delayed notice of the hearing immediately attempted to *retain* counsel, allegedly with funds borrowed from relatives. For reasons concededly beyond his control, Alford was unable to contact his prospective counsel until June 1st, although he had mailed the attorney a copy of the court order on May 21, immediately after receiving it. In the telephone conversation of June 1st, the attorney, Frank Petrella (who had been contacted earlier as to his availability to represent the Alfords if an evidentiary hearing was ordered), was willing to accept employment as the Alford's hearing counsel, after discussing the matter with George Alford, and obtaining the United States Attorney's consent to a two week continuance to permit adequate preparation. However, Petrella's request to the court on June 2nd for a two week continuance was refused, and therefore the attorney declined to represent the Alfords because he felt he had inadequate time to prepare for the hearing scheduled on June 9th, just a week away. Despite the

Alfords continued, albeit muddled, requests for counsel and for the brief continuance necessary to obtain counsel (up to and including the hearing date), the hearing was held as scheduled, on June 9th, with the Alfords appearing pro se.

At the hearing, the Alfords attempted to show, primarily by oral examination of their former trial counsel, the Greenville attorneys, and their own testimony, that despite the payment of a substantial fee, the retained Greenville lawyers performed poorly. The Alfords claimed that their counsel made only meager efforts to investigate the facts of their case, inadequately researched potential defense strategies, exaggerated the Alfords' potential exposure to fines and imprisonment following a trial (if held), and finally deceived them with promises of probation for Lise Alford, and a moderate sentence for George Alford to induce them to plead guilty.

The Greenville law-partners vigorously denied these claims, maintaining that no pressure was placed on the Alfords to plead guilty, that the case had been exhaustively prepared and the firm ready for trial, that the firm enjoyed trying cases and would have tried this one well, that an unusually great number of hours had been spent on preparing the case and conferring with the clients, that George Alford was among the brightest clients they had ever had and had participated significantly in discussions of

4. Rule 8 of the Rules Governing 28 U.S.C. § 2255 Proceedings provides in pertinent part:

**Evidentiary Hearing**

**(a) Determination by court.** If the motion has not been dismissed at a previous stage in the proceeding, the judge, after the answer is filed and any transcripts, or records of prior court actions in the matter are in his possession, shall, upon a review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the judge shall make such disposition of the motion as justice dictates.

\* \* \* \* \* \*

**(c) Appointment of counsel; time for hearing.** If an evidentiary hearing is required, the judge shall appoint counsel for a movant who qualifies for the appointment of counsel under 18 U.S.C. § 3006A(g) and the hearing

shall be conducted as promptly as practicable, having regard for the need of counsel for both parties for adequate time for investigation and preparation. These rules do not limit the appointment of counsel under 18 U.S.C. § 3006A at any stage of the proceeding if the interest of justice so requires.

5. 18 U.S.C. § 3006A(g) provides:

**(g) Discretionary appointments.**—Any person subject to revocation of parole, in custody as a material witness, or seeking relief under section 2241, 2254, or 2255 of title 28 or section 4245 of title 18 may be furnished representation pursuant to the plan whenever the United States magistrate or the court determines that the interests of justice so require and such person is financially unable to obtain representation. Payment for such representation may be as provided in subsections (d) and (e).

defense strategies, and finally that the plea bargain reached had been the product of vigorous arm's length negotiations with the United States Attorney. The Greenville law partners emphasized that they were careful to make no predictions concerning possible sentences despite the Alfords' continual requests.

However, this testimony was at least somewhat undercut by testimony of the Greenville law partners' secretary who was called by the government to refute the Alfords' contentions, but who on her cross-examination by Alford admitted that she recalled an occasion when visiting the Alfords in jail, they were quite excited and began telling her that they thought it a "very good possibility that Mrs. Alford would get probation," and that they said one of the law-partners had told them that. (However, on re-direct examination by the government, this somewhat reluctant witness was unable to recall whether this visit was before or after the Alfords had pleaded guilty.[6])

The Dyers further testified that they were careful to impress on the Alfords that sentencing was a matter wholly within the trial court's discretion and one in which neither prosecutor nor defense counsel could take part.[7]

After considering the hearing testimony and the record, the district court denied the Alfords' petitions on the merits. The Alfords appeal, urging that the trial court should have granted the requested two weeks continuance to allow adequate time for retained counsel to prepare for the hearing, or in the alternative that the court ought to have appointed counsel (and permitted a period for preparation) pursuant to Rule 8(c).

## II

■ The general rule is that the granting or denial of a motion for a continuance is a decision within the discretion of the trial judge. *Rhodes v. Amarillo Hospital District,* 654 F.2d 1148, 1153 (5th Cir.1981). A reversal is warranted only where that discretion has been abused. *Unger v. Sarafite,* 376 U.S. 575, 589, 84 S.Ct. 841, 849, 11 L.Ed.2d 921 (1964); *Spinkellink v. Wainwright,* 578 F.2d 582, 590–91, n. 11 (5th Cir.1978), *cert. denied,* 440 U.S. 976, 99 S.Ct. 1548, 59 L.Ed.2d 796 (1979). However, there is no mechanical test for determining whether a continuance should be granted, and the circumstances of each case must be carefully examined, especially the reasons presented to the trial judge at the time the request is denied. *Unger v. Sarafite, supra,* 376 U.S. at 589, 84 S.Ct. at 850. Thus, the denial of a request for a continuance to secure counsel may sometimes be justified even when the appellant's opportunity to

---

**6.** Obviously, if the conversation were *before* the guilty pleas the testimony would tend to corroborate the Alfords' testimony of misleading inducement whereas if *after* the guilty pleas it would be irrelevant. Imprisoned up through the hearing, the Alfords without the assistance of counsel would of course be unable to conduct the pre-hearing investigation of times and dates necessary for this perhaps important issue, nor were they equipped with the skills of law-trained cross-examination required to elicit this information, if favorable, from this reluctant witness called to testify as to a matter that might corroborate her own employer's alleged misrepresentations.

**7.** While the district court's factual findings tally closely with the Greenville law partners' testimony ("the [Greenville law partners] explained to both petitioners and they fully understood that the prosecution would not recommend any specific sentence under the guilty pleas and that it was in the court's discretion to

impose such sentences or fines within the maximum authorized by law"), the transcript of the sentencing proceedings reveals that the government did not stand by without recommendation:

> This case will be looked upon by the law abiding public as well as the drug culture as a yard stick by which all future drug cases in this district will be measured.
>
> These defendants need to be severely punished for their criminal acts. And the Court needs to send a message to those who would be predisposed to commit such acts that they will be harshly dealt with by this Court upon conviction.
>
> We feel as though we would be remiss in our responsibilities if we did not urge upon the Court that the maximum sentence, both imprisonment and fines be imposed on each of these defendants.

obtain counsel has been comparatively brief, see e.g., *Unger v. Sarafite, supra* (defendant, a lawyer charged with contempt for failure to continue testifying, had five days to obtain counsel; denial of continuance affirmed); *United States v. Terry,* 449 F.2d 727 (5th Cir.1979) (defendant had eighteen days to obtain new counsel after former counsel discharged; denial of further continuance affirmed).[8]

Nevertheless, "a myopic insistence upon expeditiousness in the face of a justifiable request for delay can render the right to defend with counsel an empty formality." *Unger v. Sarafite, supra,* 376 U.S. at 589, 84 S.Ct. at 849. As reiterated in *Linton v. Perini,* 656 F.2d 207, 209 (6th Cir.1981), an "essential element" of the constitutional "right to assistance of counsel is that a defendant must be afforded a reasonable opportunity to secure counsel of his own choosing." There, state convictions on serious felony charges were reversed on federal habeas review, because the trial court had refused to permit a continuance of two or three weeks to allow time for retained counsel's adequate preparation of the case, when the trial was set for ten days after arraignment, as a consequence, defendant had been represented at the trial by an attorney appointed shortly before the trial who himself claimed lack of time to prepare a defense. *See also United States v. 9.19 Acres of Land,* 416 F.2d 1244, 1245 (6th Cir.1969) (an abuse of trial court discretion to refuse a continuance of trial that was to occur a week later, sought in order to permit a corporation president to retain counsel, where president first learned at that time he could not represent his corporation pro se in long pending litigation).

Under these principles, once the district court has determined that an evidentiary hearing is necessary to determine issues raised by a § 2255 petition, a petitioner desiring the assistance of his retained counsel to present his case at such a hearing is entitled a fair opportunity to obtain the services at the hearing of such counsel, if retained without delay (as here), including a reasonable (albeit short) period of time for counsel to prepare adequately for the trial.

An indigent prisoner who is ordered to receive an evidentiary hearing upon his § 2255 petition is entitled to representation by appointed counsel at the hearing. Rule 8(c), 28 U.S.C. § 2255; *Bell v. Watkins,* 692 F.2d 999, 1014 (5th Cir.1982); *Lamb v. Estelle,* 667 F.2d 492, 497 (5th Cir.1982). A prisoner who wishes to retain his own attorney is entitled to no lesser right of representation by an attorney. It is the fact that an evidentiary hearing is to be held with all the resulting complexities involved in such a hearing—for example, the need to question and cross-examine witnesses—that gives rise to the requirement that counsel be appointed for indigents; and a prisoner able or willing to pay his privately retained counsel, instead of receiving the services of an appointed counsel, has no lesser need of legal representation at the hearing.

### III

In the present case, the court articulated no reason for its decision to deny attorney Petrella's unopposed request for a two week continuance to permit adequate time for preparation, nor for the court's failure to rule on the issue of the Alfords' motions for

---

**8.** Some suggestion was made that *Spinkellink v. Wainwright,* 578 F.2d 582, 590–91 n. 11 (5th Cir.1978), *cert. denied,* 440 U.S. 976, 99 S.Ct. 1548, 59 L.Ed.2d 796 (1979), is in this category. In that case, however, the habeas petitioner was fully represented by counsel, he had informed the court "five days before the hearing, that he was then ready to present his evidence, and did not move for a continuance until the parties and the trial court were well within the hearing itself." *Id.* The issue of abuse of discretion there involved is distinguishable from the present, which involves a request by a non-represented party for a short continuance to secure representation by counsel at an evidentiary hearing, asserted within a reasonable and nondilatory time after the matter was fixed for hearing, as a result of which the party was without representation of counsel at the hearing. Similarly distinguishable is *United States v. Uptain,* 531 F.2d 1281 (5th Cir.1976) (no abuse in denying continuance for further preparation by counsel retained in February, when trial fixed for May 12 on arraignment May 2 was held as scheduled and actual effective representation at trial was found).

leave to proceed in forma pauperis which, had they prevailed, would have squarely entitled them as indigents to representation by an (appointed) attorney at the evidentiary hearing. Rule 8(c), 28 U.S.C. § 2255; *Bell v. Watkins* and *Lamb v. Estelle, supra.*

■ While the public has an interest in the prompt and efficient administration of justice, and the trial court in the management and control of its own docket, these interests must be weighed in relation to the petitioner's need for a fair hearing.[9] In the present case, no articulated or presently advanced reason supports the denial of a brief continuance to enable the Alfords to be represented by their attorney at an evidentiary hearing instead of being forced to conduct the trial pro se as lay persons. On the other hand, many reasons weigh in favor of concluding that their request for a brief continuance was not unreasonable and was reasonably necessary to assure a fair trial of their contentions.

These include: (a) the Alfords' ability to find, retain, and confer with counsel was considerably constrained by their incarceration (in separate facilities making concerted efforts and decisions more difficult)—this exacerbated by both being moved, pursuant to court ordered writs of habeas corpus ad testificandum, preparatory to the hearing, a holiday weekend and poor prison mail service; (b) the period of time between the court's decision to hold an evidentiary hearing and its scheduled date was brief (only three weeks); (c) the Alfords had no counsel at any time during the course of their petition; (d) the Alfords made efforts to obtain counsel as soon as they received notice of the court's decision to hold a hearing; (e) the Alfords promptly advised the court of their need and desire for a continuance of the hearing date; (f) the continuance was unopposed by the United States Attorney; (g) the continuance was for a short two-week period, and (h) was for the legitimate purpose of permitting counsel adequate time to prepare; (i) no previous continuances had been sought or granted in the case; (j) the case was one in which a lawyer's skills were likely to be crucial—the case was, though narrow, a difficult one to prove even if wholly meritorious (turning on the adverse examination of experienced criminal trial attorneys, and attempting to corroborate the Alfords' allegations with the testimony of witnesses with little direct knowledge of the whole picture, in particular, the Greenville law-firm's secretary, the relatives, the letter recipients, and the cellmates, to show by circumstantial evidence and inference that promises or predictions of leniency were made to the Alfords by the Greenville lawyers prior to the pleas which could have formed a part of the bargain); (k) there was no indication that the delay sought was in any sense a dilatory tactic; (*l*) although perhaps hypothetically possible, in the real world it was pragmatically impossible for the Alfords from behind prison walls to find and retain another attorney to prepare for the hearing scheduled for hearing and actually held on June 9th, after their timely prospectively retained lawyer was forced to withdraw on June 2 for lack of time to prepare adequately when the district court denied his unopposed request for a continuance for two weeks; and (m) the consideration of whether other counsel was retained as lead or associate counsel; whether denying the continuance will result in an identifiable prejudice to defendant's case, and if so, whether this prejudice is of a material or substantial nature; the complexity of the case; and other relevant factors which may appear in the context of any particular case."

*Linton v. Perini, supra,* 656 F.2d at 210 (quoting *United States v. Burton,* 584 F.2d 485, 490–91 (D.C.Cir.1978)) (reversing convictions for failure to give short continuance for retained counsel's adequate preparation for trial).

---

9. "What is a reasonable delay necessarily depends on all the surrounding facts and circumstances. Some of the factors to be considered in the balance include: the length of the requested delay; whether other continuances have been requested and granted; the balanced convenience or inconvenience to the litigants, witnesses, counsel and the court; whether the requested delay is for legitimate reasons, or whether it is dilatory, purposeful or contrived; whether the defendant contributed to the circumstance which gives rise to the request for a continuance; whether the defendant has other competent counsel prepared to try the case, including

the Alfords were not themselves attorneys, and were possessed of no particular training or abilities likely to render them able advocates in their own behalf.

■ Nor in the context of § 2255 proceeding is it appropriate to charge the Alfords with delay in failing to retain and pay counsel to represent them at an evidentiary hearing if one was ultimately ordered, given the high pre-hearing mortality rate of § 2255 petitions and pretermitting financial ability and the feasibility of doing so on a "maybe." The Rules promulgated for § 2255 (as well as § 2254) proceedings are drafted with the substantial, if not predominant, number of pro se petitioners uniquely in mind and with the intention of therefore keeping the trial judge, not the parties, in control of the scope, nature, incidents, and pace of the proceedings. An evidentiary hearing is not an inevitable, or even necessarily a normal incident of §§ 2254 and 2255 proceedings, which are, whenever justly possible, decided at the earliest possible stage of the proceedings: on the record below by summary dismissal, upon motion for dismissal by the respondent, by dismissal, following the filing of petition and answer, or upon consideration of pleadings and an expanded record. *See* Advisory Committee Note for 28 U.S.C. foll. § 2254 R. 8. Although a petitioner may desire or request an evidentiary hearing (the petitioners here did not), the decision is one that the court initiates and makes. 28 U.S.C. foll. § 2255 R. 8(a). In the context of proceedings that routinely involve pro se litigants, who routinely pursue claims up until the evidentiary hearing stage without benefit of counsel, and who have little warning or assurance that their claims will actually reach such a stage, we cannot conclude that the Alfords were delinquent or, as the government urges, implicitly waived their rights to counsel, by failing to seek an attorney's assistance prior to learning the

court had ordered an evidentiary hearing in their case.

■ Accordingly, we conclude that the district court abused its discretion by refusing to grant a two week continuance so that retained counsel Petrella could adequately prepare the Alfords' case. In view of this conclusion, we need not reach the Alfords' alternate contention that the trial court erred by failing to appoint counsel as indigents, upon the showing made. We vacate the order dismissing their petitions and motion on the merits, and we remand for further proceedings consistent with the views stated above.

VACATED and REMANDED.

GARWOOD, Circuit Judge, dissenting:

I respectfully dissent.

I cannot agree with the majority's holding that a wholly competent, nonindigent petitioner seeking section 2255 or similar post-conviction relief can intentionally delay attempts to secure counsel until the court orders an evidentiary hearing on his petition. Here attorney Petrella, who represented the Alfords so capably on this appeal, had been contacted by them at some unspecified time before the district court had ordered a hearing. Apparently, Petrella was willing to take the case, but it was decided not to actually retain him until the district court ruled whether to have an evidentiary hearing on the petition. When on June 1, 1982 George Alford was finally able to tell Petrella that the trial court had indeed ordered such a hearing and had set it for June 9, Petrella needed a two-week continuance to get ready. Had he been retained when first contacted, entered his appearance, and done minimal preparation, he doubtless would have received notice of the setting by May 20 (when George Alford did) and would have been ready for trial on June 9.* Because Petrella's retention was

---

\* Petrella candidly admitted as much on oral argument. Wholly apart from any such admission, the record shows that George Alford's petition (seven typed legal-size pages, well written and replete with citation and discussion of authorities) was filed in October 1981.

George Alford, an obviously sophisticated, educated, and intelligent individual, had by that time presumably decided that he had a good-faith, serious claim for post-conviction relief which he wished to then pursue in court. Assuming (as the majority does, at least *arguen-*

intentionally delayed, the Alfords have had to undergo the expense of his services on appeal, and the taxpayers have had to foot the bill for an unnecessary trial as well.

It will not do to say that Petrella's services might not have been needed, because the district court might have disposed of the petition without an evidentiary hearing. It is rare indeed that such petitions are *granted* without an evidentiary hearing, and if they are it will usually be because of the very sort of legal error that counsel is so much more likely than a lay person to be able to discover and articulate to the court. On the other hand, it is obvious that had there been a denial of the petition without an evidentiary hearing, Petrella would have been retained to appeal such a denial, just as he was retained for the present appeal.

The early retention of counsel for postconviction relief proceedings should be encouraged. Counsel, we may assume, will advise the prospective petitioner of the futility of filing or pursuing petitions or grounds wholly lacking in merit, and at the same time will render it more likely that valid complaints are brought to the attention of the courts in a clear and understandable manner. The early presence of counsel will doubtless even cause an occasional petition to be properly granted without the necessity of an evidentiary hearing, and will likely prevent a greater number of others from being wrongfully denied without such a hearing. Moreover, even if there is to be an evidentiary hearing, the earlier counsel has come into the case, the less likelihood there is of wasted motion, delayed focusing on the real issues to be resolved, and unnecessary continuances.

*do*) that Alford was then financially able to retain a lawyer for this purpose, as he had been able to do at his trial, was able to do on June 1, 1982, and was able to do on this appeal, there were over seven months during which this, and the lawyer's preparation, could have been accomplished. I also observe that at the time of their arrest in March 1981, Mr. Alford was, in the words of the district court, in possession of "a large sum of money" and some marihuana, and Mrs. Alford had a pistol on her person; their car contained "a quantity of cocaine and a number of firearms."

The advantages of having counsel present in the early stages of post-conviction proceedings are also applicable to indigent petitioners, though counsel is usually not appointed for them until a hearing is ordered. The difference, of course, is that in such cases the cost of counsel is borne by the public, or the bar, and does not serve as an economic incentive to the petitioner to screen out frivolous petitions or claims. There is no reason to remove such incentive, or place such costs on the public, for nonindigent petitioners. Further, the more sophisticated legal "screening," which the indigent nonlawyer petitioner would in any event be unable to effectively do *pro se,* is done by the court system, law clerks, magistrates, and judges. But there is no reason for these officials to do this service, at public expense, for those who can afford counsel.

In sum, for those who can afford counsel, if they seriously believe that theirs is a case worth taking to federal court, then they should realize that it is necessarily also one worth retaining counsel for, to advise them whether or in what respects the case has arguable merit or chance of success and, if it does, to file it for them and pursue it to a proper conclusion.

On this single occasion, there is certainly no lasting significant harm in allowing the Alfords a third bite at the apple.** My main concern is with the general rule laid down by the majority, that a competent, financially able petitioner for post-conviction relief can intentionally delay retaining counsel until an evidentiary hearing on the petition is ordered. Though even this is not a rule of overriding significance, it never-

** In my opinion, the district court, which obviously gave a most careful, thorough, and fair consideration to all the Alfords' claims, could have properly found that they had ample time and opportunity to retain counsel sufficiently in advance of the hearing so that a continuance should not have been necessary, and accordingly did not abuse its discretion in denying the continuance. As this is the only issue reached by the majority, there is no occasion for this dissent to discuss any other.

theless is, in my view, unfortunate as unnecessarily and unwisely adding to the long-term load of an already so heavily burdened federal judicial system.