933 F.2d 1002
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Harold Hugh DEAN, Defendant-Appellant.
 No. 90-6916.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 30, 1991.
Decided May 22, 1991.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Shelby. Woodrow Wilson Jones, Senior District Judge. (CR-86-124, CA-90-20-SH-C)
 Harold Hugh Dean, appellant pro se.
 Thomas J. Ashcraft, United States Attorney, Charlotte, N.C., for appellee.
 W.D.N.C.
 VACATED AND REMANDED.
 Before SPROUSE and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Harold Hugh Dean appeals from the order of the district court modifying Dean's sentence pursuant to Dean's motion under 28 U.S.C. Sec. 2255. We vacate the decision below and remand.
 
 
 2
 The factual background of this case is not a model of clarity. Dean was arrested in South Carolina by agents of the federal Drug Enforcement Administration on April 1, 1984. On October 19, 1984, Dean was sentenced by a South Carolina state court to a 15-year state prison term on the basis of the activity which led to his arrest by the federal agents.
 
 
 3
 In November 1986 Dean was indicted by a federal grand jury in North Carolina on various drug charges. This indictment apparently arose out of the same underlying activity for which Dean had been sentenced by the South Carolina state court. On February 3, 1987, pursuant to a plea agreement, Dean pled guilty to counts 2 and 35 of the indictment. The court accepted the plea and Dean received a five-year sentence on each of the counts. The sentence for count 2 was to run concurrently with the South Carolina state sentence, and that on count 35 was to run consecutive to the sentence in count 2.
 
 
 4
 During plea negotiations Dean and the government agreed that Dean would receive a credit toward his federal sentences for time served in South Carolina on the related state charges. For reasons not apparent on the present record this arrangement was accidentally omitted from the memorandum of the plea agreement, as well as from the judge's commitment order, though the judge had agreed to the credit and issued an oral sentence including the credit. The error in the sentencing order was brought to the court's attention. Accordingly, the court subsequently corrected the order under Rule 36, Fed.R.Crim.P., to reflect the parties' and the court's understanding. This correction, however, was unacceptable to the Bureau of Prisons ("Bureau").
 
 
 5
 The Bureau felt that giving Dean credit for the time served in state prison would result in improper double counting in violation of 18 U.S.C. Sec. 3568. Dean was denied the credit by the Bureau and subsequently moved under Sec. 2255 for a vacation or correction of his sentence. Dean requested that counsel be appointed to represent him on the motio nbut the request was denied. Dean's application to proceed in forma pauperis was granted. In opposition to the Sec. 2255 motion the government acknowledged that it had been the agreement of the parties that Dean receive credit against his federal sentence for state time served. It also acknowledged that such a credit was improper under federal regulations. However, as the credit had been part of the agreement underlying Dean's plea, the government conceded that Dean was nonetheless entitled to the benefit of his bargain. The government suggested that the proper method for resolving the issue was for the court to amend the judgment in the case by deleting the reference to a credit for time served and reducing the active sentence by 675 days.
 
 
 6
 In May 1989 the court ordered that an evidentiary hearing be held on Dean's Sec. 2255 motion. The docket sheet shows that such a hearing was held on June 4. The docket sheet also shows that Dean was not represented by counsel at this hearing.
 
 
 7
 In October the court issued a memorandum and order adopting the government's recommendation. It deleted from the order the language giving Dean a credit for time served in state custody and reduced the five year sentence on count 35 by 675 days. Dean noticed a timely appeal from the October order stating that the court's action "does not provide the relief which was agreed to in the plea bargain agreement."
 
 
 8
 Without addressing the merits of Dean's claims, we conclude that the district court's failure to appoint counsel to represent Dean at the evidentiary hearing requires that the decision below be vacated.
 
 
 9
 Initially, a movant under Sec. 2255 is not automatically entitled to counsel. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) (no constitutional right to counsel in habeas corpus proceedings). However, under Rule 8(c) of the Rules Governing Sec. 2255 cases, if an evidentiary hearing is held, the court "shall" appoint counsel for the movant if the movant qualifies for appointed counsel under 18 U.S.C. Sec. 3006A.[1]
 
 
 10
 The Advisory Committee note to Rule 8(c) states that, except in respects not relevant here, the Advisory Committee note to Rule 8(c) of the Rules Governing Sec. 2254 cases is equally applicable to the Sec. 2255 rule. The Advisory Committee note to Rule 8(c) under Sec. 2254 states that "[i]f an evidentiary hearing is required the judge must appoint counsel.... Appointment of counsel at [the hearing] stage is mandatory under subdivision (c)" (emphasis added). See Hodge v. Police Officers, 802 F.2d 58, 60 (2d Cir.1986); Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir.), cert. denied, 469 U.S. 838 (1984). The Fifth Circuit has faced the present question directly and taken a strict approach to the language in Rule 8(c). In several cases the court has reversed or vacated and remanded, without considering the merits of the motion or the lower court's findings, when an evidentiary hearing was held without appointment of counsel. See Lamb v. Estelle, 667 F.2d 492, 496-97 (5th Cir.1982); Wood v. Wainwright, 597 F.2d 1054 (5th Cir.1979) (per curiam).[2]
 
 
 11
 The court's decision here left Dean completely without representation at the most crucial time in the proceeding. Decisions by the Supreme Court in analogous cases demonstrate that the strict approach taken by the Fifth Circuit is correct. In Penson v. Ohio, 488 U.S. 75 (1988), the Supreme Court held that in a criminal appeal prejudice must be presumed where counsel has been denied. Id. at 88. "[I]t is important to emphasize that the denial of counsel in this case left petitioner completely without representation during the ... court's actual decisional process." Id. As the Court stated in Strickland v. Washington, 466 U.S. 668, 692 (1984), "[a]ctual or constructive denial of the assistance of counsel altogether is legally presumed to result in prejudice." "The presumption that counsel's assistance is essential requires us to conclude that a trial is unfair if the accused is denied counsel at a critical stage of his trial." United States v. Cronic, 466 U.S. 648, 659 (1984) (footnote omitted). "[A] pervasive denial of counsel casts such doubt on the fairness of the trial process, that it can never be considered harmless error." Penson, 488 U.S. at 88.
 
 
 12
 The foregoing criminal cases are distinct from the present in that a proceeding under Sec. 2255 is a civil proceeding, during which a movant has no sixth amendment right to counsel. However, under Rule 8(c), once a hearing is determined to be necessary in a Sec. 2255 case, appointment of counsel is mandatory. We believe that in light of this requirement the same rationale is applicable here. Where the district court has concluded that an evidentiary hearing is required, and the movant is entitled to appointment of counsel, the failure to appoint counsel requires a remand without a showing of prejudice. See Lamb, 667 F.2d at 49697; Wood, 597 F.2d at 1054.
 
 
 13
 At the evidentiary hearing, with Dean represented, the court should determine exactly what the agreement between Dean and the government was, as well as the precise history of Dean's incarceration. With that information available the court can then determine the correct sentence for Dean.
 
 
 14
 In conclusion, we hold that the district court's decision to hold an evidentiary hearing on Dean's Sec. 2255 motion without appointing counsel to represent him was error. We accordingly vacate the decision below and remand for the appointment of counsel and for a new evidentiary hearing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 15
 VACATED AND REMANDED.
 
 
 
 [1]
 As Dean was granted in forma pauperis status he was eligible for appointed counsel under this statute
 
 
 [2]
 Hodge, Bashor, Lamb, and Wood were all Sec. 2254 cases. In light of the identical language in the rules, and the admonishment in the Advisory Committee note to the Sec. 2255 rule, no distinction is thereby created