**Paul H. RAUTER, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

**No. 88–1880.**

United States Court of Appeals, Seventh Circuit.

Argued Feb. 14, 1989.

Decided April 3, 1989.

Morris D. Berman, Madison, Wis., for petitioner-appellant.

Before CUDAHY and KANNE, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

ESCHBACH, Senior Circuit Judge.

This is an appeal from the district court's denial of the appellant's § 2255 motion to withdraw his guilty plea. The appellant had pleaded guilty to one count of a multi-count indictment, alleging fraud against a farm credit agency, and to a one-count information, alleging false statements in securing loans and loan extensions. He was sentenced to three years imprisonment on Count 29 of the indictment and to a five year suspended sentence on the one-count information. Additionally, the court ordered him to pay restitution in the amount of $357,999.98. On appeal, the appellant argues that he is entitled to a new evidentiary hearing on his § 2255 motion to withdraw his guilty plea because he was denied counsel at the hearing held by the district court in violation of Rule 8(c) of the Rules Governing Section 2255 Proceedings. Because we hold that the appellant was entitled to representation at his § 2255 evidentiary hearing, we vacate the district court's order and remand for a new § 2255 evidentiary hearing at which the appellant is to be represented by effective counsel.

I

On October 28, 1987, the appellant, Paul H. Rauter, was indicted under a thirty-one-count indictment for defrauding the Production Credit Association of Chippewa Falls, Wisconsin in violation of 18 U.S.C. § 658[1] and for making false statements in securing loans and loan extentions in violation of 18 U.S.C. § 1014.[2] Subsequently, the court appointed Michael Rajek as counsel for Rauter. On February 10, 1988, Rauter entered into a plea agreement in which he agreed to plead guilty to Count 29 of the indictment and to a one-count information. Pursuant to the plea agreement, the government agreed to move for dismis-

sal of Counts 1–28 and 30–31 of the indictment, not to charge Rauter with other violations of federal law in the Western District of Wisconsin that the government was aware of as of the date of the guilty plea, and not to make a specific recommendation regarding the length of his sentence.

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the district court held a hearing on February 12, 1988, at which it accepted Rauter's guilty plea and adjudged him guilty. During the course of this hearing, the district court asked the appellant if any promises were made to him other than those contained in the plea agreement. Rauter responded, "No." On April 8, 1988, the district court sentenced Rauter to three years imprisonment on Count 29 of the indictment and to a five year suspended sentence on the one-count information. The court also ordered Rauter to pay restitution in the amount of $357,999.98.

Ten days after Rauter's sentencing, the district court received a letter from Rauter asking the court to withdraw his guilty plea. In the letter, the appellant alleged that his court-appointed attorney, Michael Rajek, had told him that the government promised him probation if he signed the plea agreement. Rauter also alleged that Rajek advised him to lie to the court by stating that there were no other promises made outside the plea agreement. In the letter, Rauter noted that before he was sentenced he told Steve Peterson, an employee of the Probation and Parole Department, about the promise of probation and that Jim Wilgar, a state probation officer, was aware of the promise.

On April 29, 1988, the district court held a hearing to inquire into Rauter's allegations. At the beginning of the hearing the district court construed Rauter's letter as a

---

**1.** 18 U.S.C. § 658 provides in pertinent part: Whoever, with intent to defraud, knowingly conceals, removes, disposes of, or converts to his own use or to that of another, any property mortgaged or pledged to, or held by, [a farm credit agency] shall be fined not more than $5,000 or imprisoned not more than five years, or both; but if the value of such property does not exceed $100, he shall be fined

not more than $1,000 or imprisoned not more than one year, or both.

**2.** 18 U.S.C. § 1014 provides in pertinent part: "Whoever knowingly makes any false statement or report, or willfully overvalues any land, property or security, ... upon any application ... or loan ... shall be fined not more than $5,000 or imprisoned not more than two years, or both."

§ 2255 motion and proceeded on that basis.[3] Although Rajek was present at the hearing, he did not act as counsel for the appellant. During the course of the hearing, both the government and Rauter examined and cross-examined witnesses who were present. Additionally, Rauter testified on his own behalf and presented his version of the plea negotiations. At the end of the hearing, the district court denied Rauter's § 2255 motion.

## II

The appellant challenges the district court's denial of his § 2255 motion on only one ground. Rauter asserts that he was entitled to be represented by counsel at the § 2255 hearing held by the district court; therefore, because he was unrepresented at the hearing, he should receive a new hearing at which the court should reconsider his § 2255 motion to withdraw his guilty plea.

■■■ A motion under § 2255 to vacate, set aside, or correct a sentence is not part of the original criminal proceeding; it is an independent civil suit. *Heflin v. United States*, 358 U.S. 415, 418 n. 7, 79 S.Ct. 451, 453 n. 7, 3 L.Ed.2d 407 (1959); *United States v. Balistrieri*, 606 F.2d 216,.220 (7th Cir.1979), *cert. denied*, 446 U.S. 917, 100 S.Ct. 1850, 64 L.Ed.2d 271 (1980); *United States v. Caufield*, 207 F.2d 278, 280 (7th Cir.1953). Because it is civil in nature, a petitioner under § 2255 does not have a constitutional right to counsel. *Ellis v. United States*, 313 F.2d 848, 850 (7th Cir. 1963); *McCartney v. United States*, 311 F.2d 475, 476 (7th Cir.), *cert. denied*, 374 U.S. 848, 83 S.Ct. 1910, 10 L.Ed.2d 1068 (1963); *see also Caruth v. Pinkney*, 683 F.2d 1044, 1048 (7th Cir.1982) ("There is little doubt that there is no constitutional right to appointed counsel in a civil case."), *cert. denied*, 459 U.S. 1214, 103 S.Ct. 1212, 75 L.Ed.2d 451 (1983). Rauter, however,

does not claim that his right to be represented by counsel at the § 2255 hearing derives from the Constitution. Rather, he asserts that he was entitled to counsel under Rule 8(c) of the Rules Governing Section 2255 Proceedings.

Rule 8(c) provides:

> If an evidentiary hearing is required, the judge *shall* appoint counsel for a movant who qualifies for the appointment of counsel under 18 U.S.C. § 3006A(g) and the hearing shall be conducted as promptly as practicable, having regard for the need of counsel for both parties for adequate time for investigation and preparation. These rules do not limit the appointment of counsel under 18 U.S.C. § 3006A at any stage of the proceeding if the interest of justice so requires.

Rule 8(c), 28 U.S.C. foll. § 2255 (emphasis added).[4] The requirements of the rule are very clear. If an evidentiary hearing is held, the district court *must* appoint counsel for an indigent petitioner. Only when an evidentiary hearing is not held does the district court retain discretion over whether to appoint counsel.

This plain reading of the rule is supported by the sparse case law interpreting the rule. The few courts which have passed upon this issue have all stated that the appointment of counsel for indigent petitioners is mandatory if the court holds a § 2255 evidentiary hearing. *See, e.g., Alford v. United States*, 709 F.2d 418, 423 (5th Cir.1983) ("An indigent prisoner who is ordered to receive an evidentiary hearing upon his § 2255 petition is entitled to representation by appointed counsel at the hearing."); *United States v. Posey*, 665 F.Supp. 848, 851 (C.D.Cal.1987) ("Rule 8(c) ... does require the Court to appoint counsel for a movant if an evidentiary hearing is neces-

---

**3.** The record shows that not only did the district court construe Rauter's letter as a § 2255 motion, but that the government expressly agreed to this construction. Tr. at 6. Moreover, the government does not contend on appeal that the district court erred in construing the letter as a § 2255 motion. Therefore, we accept the district court's characterization of this letter.

**4.** 18 U.S.C. § 3006A(g) allows for the appointment of counsel for a litigant seeking relief under §§ 2241, 2254, or 2255 when "the interests of justice so require and such person is financially unable to obtain representation." The government does not contend on appeal that Rauter would not have qualified for the appointment of counsel under § 3006A(g).

sary...."); *United States v. Olmo*, 663 F.Supp. 102, 105 (N.D.Cal.1987) (noting that if a § 2255 evidentiary hearing were merited, the court would be obliged to appoint counsel). This interpretation of Rule 8(c) under § 2255 motions is also consistent with the interpretation courts have given to the identical Rule 8(c) under § 2254 petitions.[5] *See Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir.1986); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir.1983); *Bell v. Watkins*, 692 F.2d 999, 1014 (5th Cir. 1982), *cert. denied*, 464 U.S. 843, 104 S.Ct. 142, 78 L.Ed.2d 134 (1983). Moreover, our plain reading of the rule comports with the advisory committee note to Rule 8(c).[6] *See* Rule 8(c) 28 U.S.C. foll. § 2254, advisory committee note ("If an evidentiary hearing is required the judge must appoint counsel for a petitioner who qualifies for appointment.... Appointment of counsel at this stage is mandatory under subsection (c).").

Therefore, our inquiry into the § 2255 hearing held by the district court is twofold: (1) was this an evidentiary hearing; and (2) was Rauter represented by counsel at the hearing. The government argues that Rauter was not entitled to be represented by counsel at the hearing because it was not an *evidentiary* hearing, and therefore, Rule 8(c) is inapplicable. The government proposes that the hearing held by the district court was merely a preliminary proceeding under § 2255 so that Rauter could explain his motion to the court prior to the motion being denied. The government advances this argument even though it fails to present even one case to support it. Because this argument is *totally* lacking in merit, we reject it.

The record unequivocally supports the view that the hearing held on April 29, 1988, was an evidentiary hearing. Both the government and Rauter examined and cross-examined witnesses. *See, e.g.*, Tr. at 14–22. Rauter himself took the stand to present his case, and the government cross-examined him. *See id.* at 7–13. Additionally, during the hearing and in its order denying Rauter's § 2255 motion, the district court indicated that it was conducting an evidentiary hearing. *See id.* at 26 (asking Rauter, "Do you have any other evidence?"); District Court's Order, Rec. 32, at 1 (noting that the court heard "evidence put on by both parties"). Based on the record, it is clear that the April 29, 1988, proceeding was an evidentiary hearing.

■ The government also argues that as a matter of record, Rauter was still represented by Rajek. The record taken as a whole, however, shows that even though Rajek was present at the hearing, Rauter was unrepresented by counsel. First, the district court directed all its questions to Rauter and not Rajek. *See, e.g.*, Tr. at 3–4. It is doubtful that the district court would have addressed Rauter if it believed that Rajek was representing him at the hearing. Second, Rauter, not Rajek, examined and cross-examined all the witnesses. *See, e.g.*, *id.* at 14–16, 28–29. Third, at the beginning of the hearing even the government admitted that it was "not sure if Mr. Rajek [was] appearing as Mr. Rauter's attorney at this time." *Id.* at 3. Finally, in its order denying the appellant's § 2255 motion, the district court noted that "Rauter appeared at the hearing in person without counsel." District Court's Order, Rec. 32, at 1. This evidence clearly demonstrates that Rauter proceeded pro se at the hearing.

Rajek's presence at the hearing was apparently for the sole purpose of defending his prior representation of Rauter during the plea negotiations. *See* Tr. at 16–21. We also note that even if Rajek were at the hearing to represent Rauter, such assistance would necessarily have been ineffective because Rauter's § 2255 motion challenged Rajek's prior representation of him. *See United States v. Barnes*, 662 F.2d 777, 781–82 (D.C.Cir.1980) (finding ineffective assistance of counsel at a § 2255 evidentia-

---

**5.** Both the Rules Governing Section 2255 Proceedings and the Rules Governing Section 2254 Cases contain an identical Rule 8(c).

**6.** The advisory committee note to Rule 8 of the Rules Governing Section 2255 Proceedings expressly states: "[S]ee the advisory committee note to rule 8 of § 2254 rules, which is applicable to rule 8 of these § 2255 rules." Rule 8(c), 28 U.S.C. foll. § 2255, advisory committee note.

ry hearing because "[o]ne certainly cannot reasonably expect an attorney to vigorously attack his prior representation of a client ...").

Moreover, a review of the record shows that Rauter was prejudiced at the hearing by not being represented by counsel. During the hearing, Rauter told the court that he did not know that he had to have witnesses present to testify on his behalf. Tr. at 15. Rauter also indicated that two potential witnesses, who were not present at the hearing, could support his testimony because they had asked his attorney why he told Rauter to lie to the court about the plea agreement. *Id.* at 26. We cannot know whether these potential witnesses would have supported Rauter's testimony. What we do know is that if he were represented by counsel, his attorney would have called these potential witnesses to testify at the § 2255 evidentiary hearing.[7]

It is these types of complexities inherent in an evidentiary hearing—the need to call witnesses and effectively examine and cross-examine them—that are behind Rule 8(c)'s requirement that counsel be appointed for indigent petitioners. *See Alford,* 709 F.2d at 423. Therefore, we hold that Rauter was entitled to be represented by counsel at the § 2255 evidentiary hearing.

### III

For all the foregoing reasons, the order of the district court is vacated, and this case is remanded for a new § 2255 evidentiary hearing at which the appellant is to be represented by effective counsel. Circuit Rule 36 will not apply.

---

**7.** Even if we considered a harmless error analysis to be proper in this situation, we would be unable to find harmless error because the appellant was prejudiced at the hearing by not being represented by counsel.