921 F.2d 278
 Unpublished Disposition
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Jesse James DERICKSON, Petitioner-Appellant,
v.
Warren YOUNG, Superintendent and Donald J. Hanaway, Attorney
General of the State of Wisconsin, Respondents-Appellees.
 No. 89-3480.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 13, 1990.*
Decided Dec. 19, 1990.
 
 Before BAUER, Chief Judge, and FLAUM and MANION, Circuit Judges.
 
 ORDER
 
 1
 In 1983, Jesse J. Derickson was convicted of murdering Roberts, his employer, and Gorges, a fellow employee, at the Roberts Trucking Company. This appeal involves the denial of a petition for a writ of habeas corpus under 28 U.S.C. Sec. 2254.
 
 
 2
 The evidence at trial demonstrated that Roberts and Gorges were shot at the Roberts Trucking Company. Derickson called 911 and requested two ambulances. In that conversation, he indicated that Roberts and Gorges had fought and that Roberts shot Gorges. Derickson further stated that he attempted to take the gun from Roberts and in the struggle the gun went off and Roberts was shot. This version of events substantially mirrors Derickson's testimony at trial.
 
 
 3
 Other evidence at trial indicated, however, that Derickson shot both men. Testimony was presented that Derickson was in love with Roberts' wife and that he wanted to gain control of the company which Roberts owned. Evidence also indicated that Derickson attempted to please Roberts' wife through numerous actions at work, which sometimes included violent or threatening actions. Finally, Derickson acknowledged that Roberts had given him the murder weapon to use in his job, but Derickson maintained that he had returned the gun to Roberts prior to the date of the murders. One person testified that he saw Derickson with a gun on the date of the murder, and a number of people testified that Roberts had never fought with Gorges and that Roberts did not carry a gun.
 
 
 4
 In his petition, Derickson alleged a number of constitutional violations in his trial. The state argued in response that Derickson could not proceed on many of the claims because he had failed to exhaust his state remedies regarding those claims. On Derickson's motion, the district court appointed counsel for Derickson, and counsel filed an amended petition. That petition included only an exhausted claim regarding the constitutionality of the trial court's refusal to allow a witness to testify for the defense. The district court held that the testimony by the witness would not have been material and that its exclusion was harmless.
 
 
 5
 On appeal, Derickson asserts that appointed counsel in the district court rendered ineffective assistance by failing to pursue all of the claims asserted in his original habeas petition. Because the sixth amendment right to counsel does not apply in civil proceedings such as a habeas petition, Derickson cannot challenge his appointed counsel's conduct under the sixth amendment. Rauter v. United States, 871 F.2d 693, 695 (7th Cir.1989). The allegations also fail to rise to the level of a denial of due process, and therefore the challenges to his counsel's conduct are without merit.
 
 
 6
 The remaining argument on appeal concerns the propriety of the district court's determination regarding the exclusion of the witness testimony. The potential witness, Deissner, contacted the sheriff's office on the sixth and final day of trial and offered to testify on behalf of Derickson. The trial court held that the witness would not be allowed to testify. Before the trial court, Derickson indicated that the witness would testify that he saw Roberts carry a gun and saw a fight between Roberts and Gorges. The state objected to the testimony because the witness had not worked at the company for two years and therefore his testimony was not relevant. The court held that allowing the witness to testify would violate the sequestration order which the court had issued to witnesses at the start of the trial, because the proposed witness admitted that he followed the trial on the television and in the newspapers. When defense counsel pointed out that the sequestration order did not forbid witnesses from watching the television and newspaper accounts of the murder, the trial judge refused to allow the testimony based upon the circumstances under which Deissner's testimony was offered.[1]
 
 
 7
 In order to demonstrate a violation of the sixth amendment compulsory process clause or due process, Derickson must demonstrate that the evidence lost would have been both material to the trial and favorable to the defense. United States v. Valenzuela-Bernal, 458 U.S. 858, 873 (1982). Derickson cannot meet that burden in this case.
 
 
 8
 The proferred testimony would have established at best that Roberts and Gorges fought at one time approximately two years prior to the murder, and that Roberts carried a gun on at least one occasion. This evidence would not be material to the trial because its relevance is limited by the significant time lag between the witness' observations and the murder. The state did not dispute that the gun used in the murders was owned by Roberts, and that Roberts gave the gun to Derickson for at least some period of time prior to the murders. The only issue, then, was whether Derickson had returned the gun to Roberts prior to the trial. Therefore, testimony by the witness that Roberts possessed a gun would have added nothing to the trial. In addition, evidence that Roberts and Gorges had a fight two years prior to the murders would have little relevance to the murders because the event occurred at least two years before the murders.
 
 
 9
 Even if the testimony regarding the fight was relevant, its exclusion could not have affected the outcome and therefore it was not material. Valenzuela-Bernal, 458 U.S. at 868 ("... implicit in a requirement of materiality is the concern that the suppressed evidence might have affected the outcome of the trial." [citation omitted] Substantial evidence at trial pointed to Derickson's guilt. Testimony established a motive for the murder, and negated any alternative explanation. Derickson's testimony at trial was contradicted by medical testimony, sound tests, and the testimony of numerous witnesses. After reviewing the record, we conclude that the proferred testimony would not have been material to the trial.[2] Accordingly, the decision of the district court is
 
 
 10
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 Diessner was involved in a lawsuit against Roberts Trucking concerning liability for injuries, and presented himself as a witness at the end of the trial in a case which had been before the judge since April of 1982
 
 
 [2]
 Because the issue can be resolved without an evidentiary hearing, the district court did not err in failing to grant one