United States Court of Appeals,

Fifth Circuit.

No. 92-7121.

UNITED STATES, Plaintiff-Appellee,

v.

Victoriano VASQUEZ, Jr., Defendant-Appellant.

Nov. 16, 1993.

Appeal from the United States District Court for the Southern District of Texas.

Before JOHNSON, WIENER, and DeMOSS, Circuit Judges.

JOHNSON, Circuit Judge:

This appeal follows the granting of the government's summary judgment motion dismissing the section 2255[1] claims of Victoriano Vasquez, Jr. ("Vasquez"). The district court granted this motion after adopting the findings of the Magistrate Judge who had reached his conclusions after an evidentiary hearing conducted in the absence of appointed counsel for Vasquez. However, the Magistrate Judge erred when he failed to appoint counsel to represent Vasquez at the evidentiary hearing. Thus the dismissal of petitioner's section 2255 motion is hereby reversed and this case is remanded to the district court for a proper hearing with appointed counsel.

*BACKGROUND*

Mr. Vasquez was arrested at a permanent border checkpoint when a search of the truck he was driving revealed approximately 567 kg of marijuana. After being convicted by a jury,[2] Vasquez was sentenced by the judge to ninety-seven months of imprisonment followed by five years of supervised release. Vasquez did not file a notice of appeal within ten days as required by Fed.R.App.P. 4(b).

---

[1]28 U.S.C. § 2255, the federal counterpart to habeas corpus review of state court convictions, provides that a federal prisoner may move the sentencing court to vacate, set aside, or correct the sentence as being in violation of federal Constitutional or statutory law.

[2]Mr. Vasquez was convicted of possession with the intent to distribute approximately 567 kg of marijuana in violation of 21 U.S.C. § 841.

Some time later, Vasquez initiated habeas corpus proceedings under 28 U.S.C. § 2255. In his *pro se* petition, he alleged that 1) he was denied his right to a direct appeal, 2) his counsel was ineffective, and 3) his conviction was based on illegally obtained evidence. He was granted *in forma pauperis* status and the Magistrate Judge to whom the case was assigned ordered that an evidentiary hearing be held.

No counsel was appointed to represent Vasquez at the hearing, however. Instead, Mr. Vasquez was merely put on the stand and interrogated by the Judge and the Prosecutor. Shortly thereafter, the Magistrate Judge issued a Memorandum and Recommendation of his findings. The district court adopted these findings and granted summary judgment for the government dismissing Vasquez's section 2255 action. Vasquez timely appeals that dismissal.

## *DISCUSSION*

The crucial issue in this appeal is whether Vasquez was entitled to appointed counsel at the evidentiary hearing held pursuant to his section 2255 motion. No such right flows from the Constitution. *Pennsylvania v. Finley,* 481 U.S. 551, 555, 107 S.Ct. 1990, 1993, 95 L.Ed.2d 539 (1987) (No Sixth Amendment right to appointed counsel extends to prisoners collaterally attacking their convictions). However, there is a statutory right to appointed counsel in a section 2255 proceeding under Rule 8, 28 U.S.C. § 2255, if an evidentiary hearing is required.

Under section (a) of that rule, the section 2255 judge must decide whether a hearing is required to determine the merits of the application. If so, section (c) of Rule 8 mandates that the judge *shall* appoint counsel for an indigent defendant. *Lamb v. Estelle,* 667 F.2d 492, 496-97 (5th Cir.1982).

The provisions of this rule are mandatory and clear. If the court holds an evidentiary hearing, counsel must be appointed for an indigent defendant. *Alford v. United States,* 709 F.2d 418, 423 (5th Cir.1983). In the present case, Mr. Vasquez qualified as an indigent and an evidentiary hearing was ordered. However, no counsel was appointed. This failure necessitates a reversal. *See Lamb,* 667 F.2d at 497 (5th Cir.1982).

The government attempts to escape the force of these provisions by several arguments, none

of which have any merit. The first of these arguments reads far too much into the word "required" as used in Rule 8(a) and (c). In pertinent part, this Rule is worded as follows:

> (a) Determination by court. If the motion has not been dismissed at a previous stage in the proceeding, the judge, after the answer is filed and any transcripts or records of prior court actions in the matter are in his possession, shall, upon a review of those proceedings and of the expanded record, if any, determine whether an evidentiary hearing is *required.* If it appears that an evidentiary hearing is not *required,* the judge shall make such disposition of the motion as justice dictates.

> (c) Appointment of counsel; time for hearing. If an evidentiary hearing is *required,* the judge shall appoint counsel for a movant who qualifies for the appointment of counsel under 18 U.S.C. § 3006A(g) ...

Rule 8, 28 U.S.C. § 2255 (emphasis added). According to the government, these sections envision two types of hearings. First, a judge must look to see if an evidentiary hearing is *required* under 8(a). If so, then the judge proceeds to 8(c) and he must appoint counsel for that hearing. However, the government reasons that if the judge does not believe that a hearing is *required,* then he is free, under 8(a), to make whatever disposition of the case that justice requires. One permissible method to dispose of the case, the government asserts, is to hold a hearing free from 8(c)'s mandatory right to counsel.

This is not a valid reading of these provisions. There are not two species of hearings. If the judge believes that an evidentiary hearing is needed to dispose of the case, then he has decided that a hearing is *required.* Until the judge decides to hold a hearing, he has discretion over whether to appoint counsel. However, if an evidentiary hearing is held, the judge *shall* appoint counsel. *Rauter v. United States,* 871 F.2d 693, 695 (7th Cir.1989); Rule 8(c). This is because "[i]t is *the fact that an evidentiary hearing is to be held* with all the resulting complexities involved in such a hearing—for example, the need to question and cross-examine witnesses—that gives rise to the requirement that counsel be appointed for indigents." *Alford,* 709 F.2d at 423 (emphasis added).

Within this same argument, the government also suggests that this hearing was not really an evidentiary hearing, but rather, it was merely a forum for Vasquez to develop his claim under oath.[3]

---

[3]Mr. Vasquez failed to verify his pleadings as required under Rule 2(c), 28 U.S.C. § 2255 even after the Magistrate Judge specifically ordered him to replead under oath. Thus, the government argues that this forum was generously granted to afford Mr. Vasquez a final opportunity to develop his claim under oath.

Thus, as there was no evidentiary hearing, the government argues that Rule 8(c) is inapplicable.

This assertion simply does not comport with the instant record, though. First, the Magistrate Judge labelled this hearing an evidentiary hearing in his order setting the hearing. Further, in the Judge's opening comments at the hearing, he stated that Mr. Vasquez's claims "required some evidentiary development." Mr. Vasquez was placed on the stand and interrogated at length by both the Magistrate Judge and the prosecution. No limitation as to what type of questions to be asked was contemplated. Finally, at the end of the hearing, the Judge asked Vasquez if he had anything to add or if he had any witnesses he wished to call.

Based on this record, it is quite clear that this was an evidentiary hearing. *See Rauter,* 871 F.2d at 696 (rejecting the argument that, as opposed to an evidentiary hearing, the hearing in Rauter's action was merely a preliminary section 2255 proceeding to allow Rauter to develop his claim). Moreover, this panel is hesitant to make any ruling that would allow the government to shirk its responsibility under Rule 8(c) by simply manipulating the definition of what is an evidentiary hearing.

Alternatively, the government suggests that the failure to appoint counsel at this hearing under Rule 8(c) was harmless error. This is the case, the government contends, because a hearing was not necessary to dispose of the case and Vasquez's claims were straightforward and uncomplicated.[4] As to whether the hearing was necessary, it has already been stated that when the Magistrate Judge ordered a hearing, he implicitly found that a hearing was required. As to the second rationale, the government attempts to support this by pointing to testimony from Vasquez elicited from the very evidentiary hearing where Vasquez was improperly denied counsel. From this testimony, the government concludes that counsel was not needed at that hearing.

This argument fails because it is not proper to conduct a harmless error analysis on the failure to appoint counsel for a hearing under Rule 8(c).[5] Nowhere do the rules governing section 2255

---

[4]The government also argues that there could be no harm from any violation of the right to counsel under the Sixth Amendment as Vasquez had no such constitutional right in the collateral attack setting. As we find a violation of the statutory right to counsel under Rule 8(c), we do not address this issue.

[5]The government contends that *Rauter v. United States,* 871 F.2d 693 (7th Cir.1989), suggests that a harmless error analysis is appropriate in this circumstance. In *Rauter,* the court held an

suggest that a harmless error analysis is proper. Further, though the Fifth Circuit has dealt with Rule 8(c) in only a handful of cases, in each case, this Court has found error when counsel was not provided and has granted relief. *Alford,* 709 F.2d at 423; *Bell v. Watkins,* 692 F.2d 999, 1014 (5th Cir.1982); *Lamb v. Estelle,* 667 F.2d at 497; *Wood v. Wainwright,* 597 F.2d 1054, 1054 (5th Cir.1979). In none of these cases was a harmless error analysis conducted.

Additionally, it is difficult to accurately assess whether it was harmless error to deny counsel on the basis of a record developed at an evidentiary hearing conducted in the absence of that counsel. One can only speculate on what the record might have been had counsel been provided. This decision should not be based on speculation. Accordingly, as with the right to counsel under the Sixth Amendment,[6] when the statutory right to counsel at a Rule 8(c) hearing has been totally abridged, harm must be presumed. Moreover, this panel refuses to rewrite Rule 8(c) by adding in a footnote that states that when this mandatory right to counsel is denied, the petitioner must prove harm from that error without the aid of the very counsel that was wrongfully withheld.

Lastly, the government argues that Vasquez was not entitled to counsel because he failed to request counsel prior to or during the hearing and he evinced an intent to proceed *pro se.* This is not a convincing argument.

First of all, it is unsurprising that Vasquez initially proceeded *pro se* because he had no mandatory right to counsel until an evidentiary hearing was ordered. Moreover, there is nothing in the record to suggest that Vasquez was even aware of his right to counsel at the hearing.

Nothing in the text of Rule 8(c) suggests that a section 2255 petitioner must request counsel.

---

evidentiary hearing in the absence of counsel in violation of § 8(c). Our sister circuit, without considering the merits, vacated and remanded the action on the basis that no counsel was provided. Going on, the Court stated, in a footnote, that "[e]ven if we considered a harmless error analysis to be proper in this situation, we would be unable to find harmless error ..." *Id.* at 697. The government asserts this case supports its contention that a harmless error analysis is permitted under § 8(c). We think that it suggests just the opposite. That is, this statement suggests that the Court did not believe that a harmless error analysis was appropriate, but even if it did, it would not change the result. In any case, this footnote in the dicta of *Rauter* is not enough to sway our opinion.

[6]*See Strickland v. Washington,* 466 U.S. 668, 692, 104 S.Ct. 2052, 2067, 80 L.Ed.2d 674 (1984) (In the Sixth Amendment context, "[a]ctual or constructive denial of the assistance of counsel altogether is legally presumed to result in prejudice.").

Further, it would be unfair to place this burden on an indigent, unrepresented petitioner particularly where, as here, there is no record of the petitioner being made aware of that right. Accordingly, it is more appropriate to follow the clear terms of Rule 8(c) which states that the judge *shall appoint* counsel and not to add a clause that states that the judge shall appoint counsel *if requested.*

Finally, any argument that Vasquez has waived his right to counsel must fail. This is because in light of the inherent dangers involved in self-representation, a waiver of a right to counsel must be knowingly and intelligently made. *U.S. v. Foster,* 867 F.2d 838, 840 (5th Cir.1989). As stated above, there is no reason to believe that Vasquez was aware of his right to counsel at the hearing. Nowhere in the transcript of the hearing did the Judge inform Vasquez of this right or in any way seek to insure that Vasquez had voluntarily chosen to waive this important right. Thus, there is simply nothing to support any argument that Vasquez knowingly and intelligently waived his right to counsel at this hearing.

### *CONCLUSION*

Vasquez, who had previously been granted pauper status, filed a section 2255 petition. The Magistrate Judge ordered an evidentiary hearing to resolve Vasquez's claims, but he failed to appoint counsel to represent Vasquez as mandated by Rule 8(c). This requires a reversal. *See Lamb,* 667 F.2d at 497 (5th Cir.1982). Thus, the district court's dismissal of Vasquez' § 2255 action is hereby REVERSED and this cause is REMANDED to the district court for a proper evidentiary hearing with appointed counsel. Additionally, this Court declines to comment on any of the substantive claims of Vasquez's section 2255 petition based on the record we have before us made without the benefit of counsel.