IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-50676
Summary Calendar
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TIMOTHY ROBERTS,

Defendant-Appellant.
_____

Appeals from the United States District Court
for the Western District of Texas
USDC No. A-95-CA-29-4
_____

April 20, 1998

Before JOLLY, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

Timothy Roberts, federal prisoner # 60934-080, has appealed the district court's denial of his 28 U.S.C. § 2255 motion to vacate his sentence for a drug-trafficking offense.

The district court agreed with the magistrate judge's findings that Roberts's plea agreement waived his right (1) to contest the type of methamphetamine involved, and (2) to assert that he was entitled to additional sentence credit for acceptance of

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

responsibility on authority of U.S.S.G. § 3E1.1(b)(2).  We find no error in these rulings.

The district court held an evidentiary hearing on Roberts's claims that his counsel was ineffective (1) for not asserting that L-methamphetamine rather than D-methamphetamine was involved, and (2) for not preserving Roberts's right to take a direct appeal. However, the court denied Roberts's application for the appointment of counsel to represent him at the hearing.  This ruling requires the reversal of the district court's denial of relief on these counsel-ineffectiveness claims.  See United States v. Vasquez, 7 F.3d 81, 83-86 (5th Cir. 1993) (a harmless error analysis is inappropriate).

Roberts is not entitled to relief on his claims (1) that the district court should not have denied his request for discovery; (2) that the court failed to address some of his objections to the magistrate judge's report; and (3) that the district court should have considered new claims alleged in his objections to the report as amendments to his § 2255 motion.

The new claims are (1) denial of due process and (2) ineffective assistance of counsel, based on Roberts's assumption that the probation officer did not receive his objections to the presentence report until the day he was sentenced.  These claims lack merit because the record shows that the probation officer received the objections nine days before Roberts was sentenced.

AFFIRMED in part; VACATED and REMANDED in part.