**UNITED STATES of America,**

v.

**Paul IASIELLO, Paul G. Iasiello, Appellant**

No. 97–7339.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 27, 1998.

Decided Jan. 22, 1999.

David M. Barasch, U.S. Attorney, Middle District of Pennsylvania, Frederick E. Martin, Office of United States Attorney, Williamsport, PA, for Appellee.

Paul Iasiello, U.S. Penitentiary, Florence, Co, Appellant, Pro Se.

Before: NYGAARD, ROTH & WEIS, Circuit Judges.

**OPINION OF THE COURT**

ROTH, Circuit Judge.

This appeal requires us to determine whether the District Court erred in conducting an evidentiary hearing on appellant's Motion to Vacate Sentence under 28 U.S.C. § 2255 without appointing counsel to represent him. Because the appointment of counsel was mandatory for an indigent movant at an evidentiary hearing under Rule 8(c) of the Rules Governing Section 2255 Proceedings, 28 U.S.C. foll. § 2255, and because harm to appellant must be presumed, we will vacate the judgment and remand this case to the District Court for further proceedings consistent with this opinion.

I. *Factual and Procedural Background*

In April 1989, appellant Paul G. Iasiello was convicted in the District Court for the Middle District of Pennsylvania on eight counts related to the death of a Correctional Officer during two other individuals' efforts to secure Iasiello's escape from custody as he

was being transferred from the Lewisburg Penitentiary to the Geisinger Medical Center. On May 5, 1989, Iasiello was sentenced to life imprisonment plus forty-five years. No timely appeal from that judgment was filed.

In December 1994, Iasiello filed a Motion for Production of Trial Transcripts which he asserted necessary to his claim of ineffective assistance of counsel. Because the transcript had not yet been prepared, the District Court denied Iasiello's motion without prejudice. In June 1995, Iasiello filed a Motion to Vacate, Set Aside, or Correct his Sentence under 28 U.S.C. § 2255.[1] The trial court denied both of Iasiello's motions, without evidentiary hearing, in August 1995, concluding that no justification was presented to require transcription of the record and that Iasiello had failed to demonstrate how his right to appeal had been wrongfully abridged.

Iasiello timely appealed and requested assistance of counsel, which was denied. In August 1996, we reversed the District Court's order and remanded the case with instructions that the sentencing transcript should be prepared and provided, as it might be probative in resolving Iasiello's ineffective assistance of counsel claim. On remand, a transcript of the proceedings was provided to Iasiello, who filed a motion for an evidentiary hearing. Iasiello also requested appointment of counsel and discovery; these requests were overlooked. In March 1997, the District Court ordered an evidentiary hearing on Iasiello's § 2255 Motion. At the evidentiary hearing on April 25, 1997, Iasiello renewed his requests for counsel and discovery. The District Court denied Iasiello's requests, concluding that Iasiello did not require legal assistance because it was "a very simple matter." Iasiello's § 2255 motion was again denied by the District Court in June 1997 and Iasiello filed a timely appeal.

**1.** 28 U.S.C. § 2255 permits a federal prisoner to move the sentencing court to vacate, set aside, or correct the sentence as being in violation of federal Constitutional or statutory law.

**2.** 18 U.S.C. § 3006A(g) allows for appointment of counsel when "the interests of justice so require and such person is financially unable to obtain representation."

**3.** Rule 8(c) of the Rules Governing § 2254 Cases contains an identical requirement and has also

## II. *Jurisdiction*

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 2255.

## III. *Discussion*

Rule 8(c) of the Rules Governing Section 2255 Proceedings, 28 U.S.C. foll. § 2255, provides that "[i]f an evidentiary hearing is required, the judge shall appoint counsel for a movant who qualifies for the appointment of counsel under 18 U.S.C. § 3006A(g) ...."[2] The Advisory Committee Notes to Rule 8 state that "[i]f an evidentiary hearing is required the judge must appoint counsel for a petitioner who qualifies .... Appointment of counsel at this stage is mandatory ...." All of the Circuits to consider the issue acknowledge that, when an evidentiary hearing is required, appointment of counsel for indigents is mandatory under Rule 8(c). *See United States v. Duarte–Higareda*, 68 F.3d 369, 370 (9th Cir.1995) (indigent movant mandatorily entitled to appointed counsel for evidentiary hearing on section 2255 motion); *United States v. Vasquez*, 7 F.3d 81, 83 (5th Cir.1993) (rule mandates that judge shall appoint counsel) (citing *Lamb v. Estelle*, 667 F.2d 492, 496–97 (5th Cir.1982)); *Rauter v. United States*, 871 F.2d 693, 695 (7th Cir. 1989) (rule is very clear: if hearing is held, court must appoint counsel for indigent petitioner).[3]

It is undisputed that Iasiello qualifies for counsel as an indigent defendant under § 3006A(g), as he has been a prisoner for more than twelve years. Under Rule 8(c), he was entitled to counsel at an evidentiary hearing and the District Court committed clear error in failing to appoint such counsel.

The government concedes that appointment of counsel under Rule 8(c) is not discretionary but urges this Court to affirm

been acknowledged by the Circuits to mandate appointment of counsel for an evidentiary hearing. *See, e.g., Swazo v. Wyoming Dept. Of Corrections State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir.1994); *Abdullah v. Norris*, 18 F.3d 571, 573–74 (8th Cir.1994); *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir.1986); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.1984); *Wood v. Wainwright*, 597 F.2d 1054, 1054 (5th Cir.1979).

the District Court's denial of Iasiello's § 2255 motion because, assertedly, assistance of counsel would not have altered the evidentiary hearing's result. However, a violation of Rule 8(c) is not susceptible to harmless error analysis. Rather, prejudice to the petitioner is presumed. *See Vasquez,* 7 F.3d at 85 ("[A]s with the right to counsel under the Sixth Amendment, when the statutory right to counsel at a Rule 8(c) hearing has been totally abridged, harm must be presumed.") (citing *Strickland v. Washington,* 466 U.S. 668, 692, 104 S.Ct. 2052, 2067, 80 L.Ed.2d 674 (1984) ("[a]ctual or constructive denial of the assistance of counsel altogether is legally presumed to result in prejudice")).[4]

### IV. *Conclusion*

We hold that the District Court erred in conducting a § 2255 evidentiary hearing without appointing counsel for Iasiello and that harm to him must be presumed when his statutory right to counsel is thus abridged. Accordingly, we will vacate the judgment of the District Court and remand this case to the District Court to appoint counsel and hold a new evidentiary hearing. In order to minimize the further replication of proceedings in this matter, however, at the District Court evidentiary hearing following remand, Iasiello shall be required to raise all potential issues and claims he may have relating to his conviction and sentencing, including but not limited to those regarding ineffective assistance of counsel.

---

4. The Court in *Vasquez* rejected application of harmless error analysis despite assertions that counsel was unnecessary because the hearing was "straightforward and uncomplicated," 7 F.3d at 85. In so holding, it cited four previous Fifth Circuit cases finding error when counsel was not provided for a Rule 8(c) hearing, none of which conducted a harmless error analysis. *Id.*

The Fourth and Sixth Circuits have similarly held, in unpublished opinions, that harmless error analysis is not proper when reviewing a court's failure to appoint counsel for an indigent petitioner in an evidentiary hearing to determine the merits of a § 2255 motion.

The government contends that a footnote in *Rauter* in which the Court observed that "[e]ven if [it] considered a harmless error analysis to be

proper" it could not "find harmless error because the appellant was prejudiced by not being represented by counsel," 871 F.2d at 697 n. 7, suggests that the Seventh Circuit would permit harmless error analysis. To the contrary, as the Fifth Circuit in *Vasquez* has explained, the *Rauter* footnote dictum indicates that the Seventh Circuit "did not believe that a harmless error analysis was appropriate" and was only observing that even if it were, it would not change the result. *Vasquez,* 7 F.3d at 85 n. 5. Moreover, as noted in *Vasquez,* it would be difficult indeed "to accurately assess whether it was harmless error to deny counsel on the basis of a record developed at an evidentiary hearing conducted in the absence of that counsel." *Id.* at 85.