# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1913

_____

John Richard Roney,                     *
                                        *
        Movant - Appellant,             *
                                        *   Appeal from the United States
        v.                              *   District Court for the
                                        *   Western District of Missouri.
United States of America,               *
                                        *
        Respondent - Appellee.          *

_____

Submitted:  October 19, 1999

Filed:   March 7, 2000

_____

Before LOKEN, HEANEY and HANSEN, Circuit Judges.

_____

LOKEN, Circuit Judge.

In 1993, John Richard Roney pleaded guilty to drug trafficking and money laundering offenses and was sentenced to 235 months in prison. In March 1997, he filed a motion for post-conviction relief under 28 U.S.C. § 2255, alleging (among other claims) denial of his Sixth Amendment right to the effective assistance of counsel because trial counsel had failed to file a notice of appeal, as Roney had requested. The district court denied § 2255 relief without a hearing. Roney appealed, and we remanded for further proceedings, citing Holloway v. United States, 960 F.2d 1348, 1357 (8th Cir. 1992), for the proposition that failure to file a notice of appeal when

requested by the client is ineffective assistance of counsel, whether or not petitioner can show actual prejudice. Roney v. United States, No. 97-3047 (8th Cir. Oct. 31, 1997).

On remand, the district court held an evidentiary hearing. Roney's two trial attorneys testified that he did not ask either of them to file a notice of appeal. The district court made a finding to that effect and again denied § 2255 relief. Roney appeals, arguing that the district court erred in not appointing counsel to represent him at the § 2255 evidentiary hearing, an issue that does not require a certificate of appealability. See Nichols v. Bowersox, 172 F.3d 1068, 1070 n.2 (8th Cir. 1999) (en banc). When the government conceded that the district court's failure to appoint counsel violated Rule 8(c) of the Rules Governing Section 2255 Proceedings,[1] and that Roney did not waive his right to appointed counsel in the district court, we appointed appellate counsel for Roney and requested briefs and oral argument on two related issues – whether a violation of Rule 8(c) is subject to harmless error analysis, and if so, whether the violation in this case was harmless error. We now reverse.

A number of our sister circuits have concluded that a violation of Rule 8(c) requires a new evidentiary hearing without regard to whether the error was harmless. See, e.g., United States v. Iasiello, 166 F.3d 212, 213-14 (3d Cir. 1999); United States v. Vasquez, 7 F.3d 81, 85 (5th Cir. 1993). That is an open issue in this circuit. The Supreme Court has cautioned that all *constitutional* errors are subject to harmless error analysis except those structural defects that infect an entire criminal trial. See Arizona v. Fulminante, 499 U.S. 279, 309-10 (1991) (opinion of Rehnquist, C.J., speaking for the Court on this issue). Given the myriad of situations in which a limited § 2255 evidentiary hearing may be appropriate, we question whether all Rule 8(c) violations

---

[1]Rule 8(c) provides in relevant part: "If an evidentiary hearing is required, the judge shall appoint counsel for a movant who qualifies for the appointment of counsel under 18 U.S.C. § 3006A(g) . . . ." It is undisputed that Roney qualified for the appointment of counsel.

are necessarily the kind of structural defects that are not subject to harmless error analysis. But we need not decide the issue, because it is clear that the Rule 8(c) violation in this case was not harmless error.

At the evidentiary hearing, Roney's two trial attorneys testified in perfunctory fashion that he had not asked them to file a notice of appeal some five years previously. After this direct testimony, Roney did not cross-examine, as any attorney would have done; he simply made speeches until cut off by the district court. Roney also did not subpoena counsel's relevant files to determine whether their notes, correspondence, or time records could shed light on the question. Finally, although Roney told the district court that he had contemporaneous correspondence with counsel confirming that he asked at least one of them to appeal, Roney did not bring his own files to the hearing, so any such correspondence was neither offered into evidence nor used in cross-examining trial counsel. Counsel appointed to represent Roney on appeal brought one such letter to our attention. If genuine, it would be highly relevant and would support Roney's claim that he asked trial counsel to appeal. In these circumstances, we conclude that the evidentiary hearing record would likely have been markedly different had counsel been appointed to represent Roney, as Rule 8(c) requires.

Accordingly, the district court's minute entry order of March 6, 1998, is reversed, and the case is remanded for further proceedings not inconsistent with this opinion. Appellant's unopposed motion to supplement the record on appeal is granted.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-