# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1370

_____

| | | |
|---|---|---|
| John Richard Roney, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the Western |
| v. | * | District of Missouri. |
| | * | |
| United States of America, | * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

_____

Submitted: August 6, 2001

Filed: August 14, 2001

_____

Before BOWMAN, FAGG, and HANSEN, Circuit Judges.

_____

PER CURIAM.

John Richard Roney pleaded guilty to drug trafficking and money laundering offenses and was sentenced to 235 months in prison. Although he did not file a direct appeal, Roney now seeks post-conviction relief under 28 U.S.C. § 2255, claiming he received ineffective assistance of counsel (among other claims) because counsel failed to file an appeal as instructed. The district court initially denied Roney's petition without a hearing. Roney appealed and we remanded for additional proceedings because under Holloway v. United States, 960 F.2d 1348, 1356-57 (8th Cir. 1992), a client receives ineffective assistance of counsel when counsel fails to file a requested

appeal, regardless of whether the client can prove actual prejudice.  See Roney v. United States, No. 97-3047 (8th Cir. Oct. 31, 1997).  After an evidentiary hearing, the district court denied Roney's petition.  Roney appealed a second time, arguing he was entitled to appointment of counsel at the evidentiary hearing.  We agreed and remanded for further proceedings.  See Roney v. United States, 205 F.3d 1061, 1062 (8th Cir. 2000).

After holding an evidentiary hearing at which Roney was represented by counsel, a magistrate judge[*] recommended denying Roney's petition; the district court[**] agreed, adopting the recommendation.  The court credited counsels' testimony that Roney did not request an appeal and found Roney fabricated a letter he offered as proof of his instruction to counsel to appeal.  Roney then filed this appeal, claiming the district court mistakenly believed counsels' testimony instead of his own.  Having reviewed the factual findings for clear error and giving deference to the district court's credibility determinations, we reject Roney's assertion that despite credible evidence to the contrary, his claim that he made a request is sufficient to merit relief.  See Barger v. United States, 204 F.3d 1180, 1181-82 (8th Cir. 2000).  Although Roney argues he was credible and his lead attorney was not, the district court's contrary conclusion is well-supported by the testimony of Roney's two attorneys and the inconsistencies in Roney's version of events.  In addition, the inconsistencies in Roney's letter support the district court's suspicion of its authenticity.

We thus conclude the district court's findings are not clearly erroneous and we affirm.  See 8th Cir. R. 47B.

---

[*] The Honorable James C. England, United States Magistrate Judge for the Western District of Missouri.

[**] The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

A true copy.

Attest:

      CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.