# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2624

_____

Mack Al Green,                                    *
                                                 *
            Appellant,                           *
                                                 *   Appeal from the United States
    v.                                           *   District Court for the District
                                                 *   of Minnesota.
United States of America,                        *
                                                 *
            Appellee.                            *

_____

Submitted:  May 15, 2001

Filed:  August 17, 2001

_____

Before MORRIS SHEPPARD ARNOLD, BRIGHT, and BYE, Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Mack Green challenged his federal conviction and sentence, *see* 28 U.S.C. § 2255, and the district court, after holding an evidentiary hearing, denied relief. Because the court failed to appoint counsel to represent Mr. Green at the hearing, we vacate the district court order denying relief and remand the case for further proceedings.

## I.

Rule 8(a) of the Rules Governing § 2255 Proceedings requires a district court to decide whether a hearing is necessary to determine the merits of a motion pursuant to 28 U.S.C. § 2255. Under Rule 8(c), "[i]f an evidentiary hearing is required, the judge shall appoint counsel for a [defendant] who qualifies for the appointment of counsel." Because the district court held an evidentiary hearing in this case, it was error for the district court to deny counsel to Mr. Green. The government argues that we should nonetheless affirm the district court's judgment because Mr. Green did not establish that he was "financially unable to obtain counsel," *see* 18 U.S.C. § 3006A(b). We believe, however, that the district court implicitly found that Mr. Green was "financially unable to obtain counsel," *id.*, and that such a finding is sufficiently supported by the evidence.

After Mr. Green applied for *in forma pauperis* status, the district court allowed him to proceed with his claim and ordered free transcripts for him. Transcripts are provided without charge in § 2255 proceedings to persons granted permission to proceed *in forma pauperis*, *see* 28 U.S.C. § 753(f), § 2250. Furthermore, *in forma pauperis* statutes in general, *see* 18 U.S.C. § 3006A(a)(2)(B), § 3006A(c), 28 U.S.C. § 1915(e)(1), provide access to the judicial system to " 'indigent persons,' " *Greaser v. Missouri Department of Corrections*, 145 F.3d 979, 985 (8th Cir. 1998), *cert. denied*, 525 U.S. 1056 (1998), quoting *Attwood v. Singletary*, 105 F.3d 610, 612 (11th Cir. 1977) (*per curiam*). We note, moreover, that, in the order denying Mr. Green counsel, the district court twice referred to Mr. Green as "indigent." We therefore believe that the district court's rulings reflect its determination that Mr. Green was indigent, and we observe that a finding of indigence connotes a greater financial need than is necessary to qualify for appointed counsel, *see United States v. Brockman*, 183 F.3d 891, 897 (8th Cir. 1999), *cert. denied*, 528 U.S. 1080 (2000). We thus conclude that the district court necessarily found that Mr. Green qualified financially for appointed counsel.

We also believe that the evidence is sufficient to support the finding that Mr. Green could not afford counsel. In 1999, Mr. Green applied for *in forma pauperis* status, submitting not only a statement that he was earning 12¢ per hour working in prison but also a prison official's certification that Mr. Green had $2.13 in his prison account. We do not believe that the district court was required to accept the government's contention, in its opposition to Mr. Green's motion for appointed counsel and for *in forma pauperis* status, that Mr. Green was "lying about his income" when, in response to a question on the application for *in forma pauperis* status, about his "salary and wages" from his "last employment," he included earnings from his garage business two years earlier but did not mention his rental income for the same year. Rent, however, is not a salary or a wage, nor does it result from employment. In fact, another question on the application expressly asks about rental income during the previous twelve months, and we see no evidence that Mr. Green had any such income in that time period. Finally, we do not believe that the district court had to accept the government's argument that, because Mr. Green hired counsel for his trial and direct appeal, he was able to retain an attorney for his post-conviction proceeding.

After the district court scheduled the evidentiary hearing, Mr. Green again moved for the appointment of counsel and, apparently in support of the motion, submitted a second application for *in forma pauperis* status. In the application, he listed his prison earnings as $17 per month, and a prison official certified that Mr. Green's prison account balance was 3¢. Although the government states that it filed a responsive document contending that Mr. Green did not qualify financially for counsel, we have not located this document in the record or on the district court docket sheet. Having carefully reviewed the record, therefore, we conclude that Mr. Green provided sufficient support for a finding that he was "financially unable to obtain counsel," *see* 18 U.S.C. § 3006A(b), and that the district court so found.

## II.

In the alternative, the government argues that the district court's failure to appoint counsel for Mr. Green was harmless error. All of the federal appellate courts that have considered this question, however, have held that the failure to appoint counsel in violation of Rule 8(c) of the Rules Governing § 2255 Proceedings is not reviewable for harmless error and that the case must be remanded to the district court. *See Shepherd v. United States*, 2001 WL 618252, at \*2 (11th Cir. 2001) (*per curiam*); *United States v. Iasiello*, 166 F.3d 212, 214 (3d Cir. 1999) (also stating that in unpublished opinions the Fourth and Sixth Circuits reject harmless-error analysis, *see* 166 F.3d at 214 n.4); and *United States v. Vasquez*, 7 F.3d 81, 85-86 (5th Cir. 1993).

In *Roney v. United States*, 205 F.3d 1061, 1063 (8th Cir. 2000), we questioned "whether all Rule 8(c) violations are necessarily the kind of structural defects that are not subject to harmless error analysis," but we declined to resolve the issue. Instead, relying in part on evidence favorable to the defendant that was not offered at the evidentiary hearing, we held that, in any event, the error in *Roney* was not harmless. *See id.* With respect to Mr. Green, we simply do not know what would have occurred if he had had counsel at the hearing. Upon further consideration of the question, however, we hold that Rule 8(c) provides a bright-line rule mandating the appointment of counsel, and that if counsel was denied to a financially qualified defendant, we should enforce the rule by vacating the order denying relief and remanding the case to the district court for further proceedings.

In what we believe to be an analogous context, the Supreme Court has stated that there is a "limited class of fundamental constitutional errors ... [that] require automatic reversal," *Neder v. United States*, 527 U.S. 1, 7 (1999). These errors, often termed "structural errors," *Johnson v. United States*, 520 U.S. 461, 468 (1997), are those that affect "the framework within which the trial proceeds, rather than simply an error in the trial process itself," *Arizona v. Fulminante*, 499 U.S. 279, 310 (1991). One such structural error, *i.e.*, an error from which prejudice is presumed, is the denial of counsel

altogether during a criminal case. *See Strickland v. Washington*, 466 U.S. 668, 692 (1984); *see also Gideon v. Wainwright*, 372 U.S. 335, 344 (1963).

Rule 8(c), without referring to prejudice or harmless error, mandates legal representation for financially qualified defendants. Throughout the evidentiary hearing addressing the merits of two of his claims, Mr. Green was denied the counsel to which he was entitled. Of course, although a § 2255 proceeding is a continuation of a criminal case, a § 2255 evidentiary hearing is not a criminal trial, and the government correctly notes that the Constitution does not guarantee Mr. Green a right to counsel in this collateral proceeding, *see Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *United States v. Craycraft*, 167 F.3d 451, 455 (8th Cir. 1999). The government also calls our attention to *Coleman v. Alabama*, 399 U.S. 1, 11 (1970), which held that harmless-error analysis as set forth in *Chapman v. California*, 386 U.S. 18, 24 (1967), should be applied in considering the denial of a defendant's federal constitutional right to counsel during a preliminary hearing in a criminal case. *See also Gilbert v. California*, 388 U.S. 263, 272 (1967) (harmless-error analysis applied to denial of defendant's federal constitutional right to counsel at post-indictment, pretrial lineup in state case).

We believe, however, that the evidentiary hearing in a § 2255 proceeding is more analogous to a criminal trial than to a preliminary hearing. Following a preliminary hearing in a criminal case, a defendant has a right to a trial on the merits at which he or she is represented by an attorney. It was therefore possible to place the prejudicial effect of the error in *Coleman*, 399 U.S. at 11, in context by reference to other stages of the prosecution, including what occurred when the counseled defendant was tried, *see id.* at 10-11, 10 n.5. Indeed, with respect to other types of errors that are amenable to harmless-error analysis, the Supreme Court has remarked that the prejudicial effect of trial errors may be assessed in the context of the rest of the evidence presented at trial. *See Fulminante*, 499 U.S. at 307-08. In contrast, here the government attempts to establish that the lack of counsel was harmless by relying upon testimony from the

very hearing at which Mr. Green was unrepresented. As the Fifth Circuit reasoned in *Vasquez*, 7 F.3d at 85, "it is difficult to accurately assess whether it was harmless error to deny counsel on the basis of a record developed at an evidentiary hearing conducted in the absence of that counsel. One can only speculate on what the record might have been had counsel been provided." Appellate decisions "should not be based on speculation," *id.* We believe that the denial of counsel throughout the proceeding affected the very "framework," *Fulminante*, 499 U.S. at 310, of the hearing intended to address the merits of Mr. Green's claims and thus entitles Mr. Green to a new hearing at which he is represented.

We believe, moreover, that prejudice is almost certainly unavoidable when, as here, a defendant is denied counsel altogether at an evidentiary hearing that a district court has determined is necessary to resolve a § 2255 motion, and that the error of failing to appoint counsel is both easy to identify and easy to prevent. *Cf. Strickland*, 466 U.S. at 692. We therefore anticipate that a holding here that a violation of Rule 8(c) is not subject to harmless-error analysis will not place an undue burden on either the district court or the government.

### III.

Accordingly, we vacate the district court order denying Mr. Green's § 2255 motion, and we remand for further proceedings consistent with this opinion.

BYE, Circuit Judge, dissenting.

There is no mistaking the district court's error in this case. A district court must appoint counsel for an indigent prisoner when the court holds an evidentiary hearing concerning that prisoner's 28 U.S.C. § 2255 motion. See Rule 8(c) of the Rules Governing Section 2255 Proceedings; Roney v. United States, 205 F.3d 1061, 1062 (8th Cir. 2000). Mack Green is clearly indigent and the district court ordered an evidentiary hearing, yet the court denied Green's motion to appoint counsel. Despite

the obvious error, I respectfully dissent from the majority's new rule that eschews harmless error analysis.

An extremely limited set of constitutional errors affecting the entire conduct of a criminal trial have been deemed incapable of harmless error review because of their pervasive and corrosive character. Such errors are called "structural" errors. See Arizona v. Fulminante, 499 U.S. 279, 309-310 (1991) (citing, as examples, the denial of counsel at a criminal trial, and the presence of a biased judge). Structural errors appear to be confined to the constitutional sphere because Congress has mandated the application of harmless error review by statute. See 28 U.S.C. § 2111 (requiring the circuit courts to disregard "errors or defects which do not affect the substantial rights of the parties"). Presumably, only grave constitutional errors could surmount the statutory default rule that harmless error analysis applies. Cf. United States v. Stevens, 223 F.3d 239, 244 (3d Cir. 2000) ("[A] violation of Rule 32(c)(3)(A) is *nonconstitutional* error, which generally cannot amount to a structural defect.") (emphasis in original). Even cases involving pervasive nonconstitutional error, such as a district court's complete denial of discovery to a civil plaintiff, have been analyzed under the rubric of harmless error. See, e.g., Martel v. County of Los Angeles, 56 F.3d 993, 995-96 (9th Cir. 1995) (en banc).

Because Green's right to counsel does not emanate from the constitution, Pennsylvania v. Finley, 481 U.S. 551, 555-57 (1987) (refusing to extend the Sixth Amendment right to counsel to postconviction proceedings), I am constrained to conclude that structural error analysis has no application to Green's case. By statute, § 2111, we are obliged to determine whether the district court's error in denying Green appointed counsel affected his substantial rights.

Unlike the majority, ante at 6, I do not believe that harmless error analysis in Green's case would be based upon impermissible speculation and conjecture. Speculation is, of course, the hallmark of harmless error review, and I perceive no

greater difficulty in ascertaining possible prejudice in Green's case than in the ordinary case. Even if harmless error analysis were particularly complicated or difficult to perform in this case (an analysis I do not undertake here), Congress's command that we disregard "errors or defects which do not affect the substantial rights of the parties," 28 U.S.C. § 2111, affords us no basis for ignoring such complexity by establishing our own preferred mode of analysis.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.