**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-7378

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GEORGE OGUENO OPANDE,

Defendant - Appellant.

No. 05-7947

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GEORGE OGUENO OPANDE,

Defendant - Appellant.

Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria. Gerald Bruce Lee, District Judge. (CR-04-216; CA-05-748)

Submitted: November 8, 2006          Decided: December 20, 2006

Before WILKINSON, KING, and SHEDD, Circuit Judges.

No. 05-7378 dismissed; No. 05-7947 vacated and remanded by unpublished per curiam opinion.

---

George Ogueno Opande, Appellant Pro Se. Lawrence Joseph Leiser, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In these consolidated appeals, George Ogueno Opande seeks to appeal the district court's orders denying relief on his 28 U.S.C. § 2255 (2000) motion and denying his motion for reconsideration. We issued a certificate of appealability on the district court's failure to appoint counsel for the evidentiary hearing. See Rule 8(c) of the Rules Governing Section 2255 Proceedings.

Under Rule 8(c) of the Rules Governing Section 2255 Proceedings, "[i]f an evidentiary hearing is required, the judge must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A at any stage of the proceeding." The provisions of this rule are mandatory and clear. See also Advisory Committee note 8(c) to Rule 8 of the Rules Governing Section 2254 Cases (stating that "[a]ppointment of counsel at [the hearing] stage is mandatory").[*] Opande is proceeding in forma pauperis and would qualify for counsel. See § 3006A(a)(1), (2)(B). The failure to appoint counsel results in a reversal. See United States v. Vasquez, 7 F.3d 81, 83-84 (5th Cir. 1993). Accordingly, in No. 05-7947, we vacate the March 3, 2006 order denying the motion for reconsideration and remand to the

---

[*]Although this clarification appears in the Advisory Committee notes for the Rules Governing § 2254 Cases, Advisory Committee Note 8(c) for the Rules Governing § 2255 Proceedings refers to the notes contained in the § 2254 Rules.

district court to appoint counsel and hold a new evidentiary hearing.

In No. 05-7378, Opande seeks to appeal the district court order denying relief on his claims that his conviction was "manufactured" by law enforcement, that he was the victim of entrapment and improper inducement, that he was due a downward departure because he was entrapped and because he was infected with tuberculosis while being detained.

The district court's order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2000). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A prisoner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). We have independently reviewed the record and conclude Opande has not made the requisite showing. Accordingly, in No. 05-7378, we deny a certificate of appealability and dismiss the appeal. In No. 05-7947, we vacate the March 3, 2006 order and remand to the district court to appoint counsel and to hold a new

evidentiary hearing.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>No. 05-7378 DISMISSED</u>
<u>No. 05-7947 VACATED AND REMANDED</u>