[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 6, 2001
THOMAS K. KAHN
CLERK

No. 00-11776
Non-Argument Calendar

_____

D.C. Docket No. 97-01258-CV-T-25B

MARK JEFFERY SHEPHERD,
a.k.a. Mark Jeffrey Shepard,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court for the
Middle District of Florida

_____

**(June 6, 2001)**

Before TJOFLAT, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Appellant Mark Jeffery Shepherd ("Shepherd"), a federal prisoner, appeals

the district court's order denying his motion to vacate, set aside, or correct his

sentence, filed pursuant to 28 U.S.C. § 2255. We vacate the district court's order and remand this case with instructions to appoint counsel.

I.

Shepherd, who did not file a direct appeal of his 195-month sentence for bank robbery offenses, filed his initial § 2255 motion in May 1997, alleging claims of ineffective assistance of counsel. Shepherd subsequently filed an amended § 2255 motion in September 1997, and a second amended motion in 1998, in which he added a claim that his plea was not knowing or voluntary. The government opposed the second amended motion on its merits. Shepherd then filed a motion to amend and another amended § 2255 motion. The government did not object to the motion to amend and challenged the third amended motion on its merits.

The district court ordered an evidentiary hearing for Shepherd. At the beginning of the hearing, Shepherd requested appointment of counsel. The court denied his request at that time and questioned Shepherd regarding the grounds of his § 2255 motion. Shepherd claimed that his court-appointed trial attorney failed to investigate his case or advise him whether he should plead guilty. The government responded that at the time Shepherd entered into his plea agreement, he swore that he was satisfied with the performance of his attorney. The district court then placed Shepherd under oath and questioned him further about his

claims. During the course of the proceedings, Shepherd again requested an attorney, specifically invoking Rule 8 of the Rules Governing § 2255 Motions. The district court then denied as frivolous Shepherd's § 2255 motion because Shepherd stated at his plea colloquy that he was satisfied with his counsel's performance. The court, however, did not address the remaining claims presented in Shepherd's § 2255 motion, or his request for counsel under Rule 8 of the Rules Governing § 2255 Motions.

In addition to denying Shepherd's § 2255 motion as frivolous, the district court denied Shepherd's application for a certificate of appealability ("COA"). The district court, however, permitted Shepherd to proceed *in forma pauperis* on appeal. This court granted a COA on the issues of whether the district court erred by (1) not appointing counsel for Shepherd during his evidentiary hearing regarding his § 2255 motion, and (2) denying summarily the substantive claims presented in Shepherd's § 2255 motion to vacate.

II.

In this appeal, Shepherd argues that the district court violated Rule 8 of the Rules Governing § 2255 Motions by failing to appoint counsel for him upon its determination that a hearing was required. Shepherd notes that he requested the court to appoint counsel and to determine whether the proceeding was an

3

evidentiary hearing, but the district court refused; therefore, Shepherd contends that the district court abused its discretion.

The government concedes in its brief that the district court likely erred in refusing to appoint counsel for Shepherd, but argues that any error was harmless because Shepherd was not entitled to an evidentiary hearing.

Rule 8(c) of the Rules Governing § 2255 Proceedings provides that "[i]f an evidentiary hearing is required, the judge shall appoint counsel for a movant who qualifies for the appointment of counsel under 18 U.S.C. § 3006A(g)[.]" Title 18, § 3006A of the *United States Code* allows for the appointment of counsel when the interests of justice so require and the movant is financially unable to obtain representation.

In our view, the district court erred in failing to appoint counsel to represent Shepherd at the evidentiary hearing on his § 2255 motion. As an initial matter, we observe that the proceedings clearly resembled an evidentiary hearing, despite the district court's unwillingness to categorize it as such, because the court placed Shepherd under oath and questioned him extensively concerning the basis of his claims. Additionally, the government concedes that, given the substance of the proceeding, the hearing was an evidentiary hearing on Shepherd's § 2255 motion. Thus, because Shepherd qualified for representation under § 3006A, the district

court, having determined that an evidentiary hearing was necessary, was obligated under Rule 8 of the Rules Governing § 2255 Motions to appoint counsel for Shepherd. *Johnson v. Avery*, 393 U.S. 483, 487-88 (1969) (recognizing that federal courts generally appoint counsel in post-conviction proceedings only after a petition for post-conviction relief passes initial evaluation and the court has determined that the issues presented call for an evidentiary hearing).

## III.

Having determined that the district court erred in failing to appoint counsel to represent Shepherd at the evidentiary hearing, we must now address the question of whether that failure is subject to harmless error review. Two circuits have held that such an error is not amenable to harmless error review. *United States v. Iasiello*, 166 F.3d 212, 214 (3d Cir. 1999); *United States v. Vasquez*, 7 F.3d 81, 83-85 (5th Cir. 1993). The *Iasiello* court noted that the Fourth and Sixth Circuits, in unpublished opinions, have also declined to adopt a harmless error analysis in this context. *Iasiello*, 166 F.3d at 214 n.4.

We agree with our sister circuits and hold that the failure to appoint counsel under Rule 8 of the Rules Governing § 2255 Motions is not subject to harmless error analysis. Our reasoning is also based on the language of Rule 8(c) itself. The rule provides that, "[a] judge <u>shall</u> appoint counsel." (Emphasis added.) This

5

language is mandatory and does not suggest any reliance on harmless error analysis.    Because we must vacate the district court's order dismissing Shepherd's § 2255 motion and remand this case for the appointment of counsel and a corresponding evidentiary hearing, we decline to address the second issue presented in this appeal.

**VACATED and REMANDED.**